GEORGE P. SANFORD v. LOUIS E. ROWLEY.

[See 93 Mich. 119.]

*Practice in Supreme Court—Costs—Motion for retaxation—Prolix record.*

1. An objection that the record is unduly prolix should be made on the hearing, and not by a motion for a retaxation of costs in the form of an appeal from the clerk's taxation; citing *Van Deusen v. Newcomer,* 40 Mich. 525.

2. The record in this case could have been made up in 100 instead of 700 pages, and, but for the certificate of the court below that all of the evidence was incorporated in the bill of exceptions at the request of the counsel for the defendant, the cost of printing the record would be limited to 100 pages, but in view of that certificate it will be cut down to 550 pages, and that number taxed at 50 cents per page, which appears to be the price at which it could be printed.

Motion by both parties for retaxation of costs. Argued November 29, 1892. Costs retaxed November 30, 1892, at the sum of $461.50. The facts are stated in the opinion.

*Q. A. Smith,* for plaintiff.

*M. V. Montgomery,* for defendant.

PER CURIAM. This is a motion for retaxation of costs. They were taxed by the clerk of this Court at the sum of $579.05, although the original bill as presented for taxation amounted to the sum of $753.70. The bill is made up largely of the cost of printing the record, copy procured for printing, and stenographer's fees. Both parties move for retaxation.

We think, as said in the opinion filed in the case, that the record could have been made up in 100 pages instead

of 700.    The court below, however, certified that all the evidence given on the trial had been incorporated in the bill of exceptions at the request of counsel for defendant. Were it not for this certificate, we should limit the cost of printing the record to 100 pages, but in view of this certificate we shall only deduct what it appears to us that the appellant has unnecessarily incorporated into it.    The record will be cut down to 550 pages, and that number taxed at 50 cents per page, which appears to be the price at which it could be printed.    The cost of procuring the copy to print from it is agreed should be allowed at $10. The stenographer's fees of $140 are charged, which is 8 cents per folio for 1,750 folios.    Of this amount it appears that only $100 was paid.    This item will be reduced, therefore, to the amount paid, $100.[1]    With these reductions, the taxed bill of costs amounts to $461.50, and will be retaxed at that sum.

It appears that a previous motion had been made in this Court to vacate the order for costs in favor of plaintiff, and in disposing of that motion counsel were undoubtedly led to believe that the matter of costs could be disposed of on motion for retaxation in the form of an appeal from the clerk's taxation.    We do not approve of this practice, as the matter should be disposed of when the case is heard, so far as any question may be raised relating to matters raised here, as was said in *Van Deusen v. Newcomer*, 40 Mich. 525; but, in view of the error into which counsel were led in the former motion, we have felt disposed to settle the question in this way.    The same course was taken in *Roby Lumber Co. v. Gray*, 73 Mich. 363, and certain deductions made on motion for retaxation from the amount of the stenographer's fees, printing record, etc.

Defendant will recover the costs of this motion.

---

[1] Upon February 8, 1893, upon motion of plaintiff, this allowance was increased by $40, such amount appearing to have been paid.