## WUERTH v. STIVERS.

1. FRAUD—ELEMENTS.

> To constitute actionable fraud, it must appear with reasonable certainty that defendant made a material representation that was false, that he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion, that it was made with intention plaintiff should act upon it and that plaintiff did rely upon it and suffered injury thereby.

2. FRAUDS, STATUTE OF—REPRESENTATIONS—GOOD FAITH—BILLS AND NOTES.

> In action by indorser of note for fraudulent misrepresentations as to financial condition of corporation, incident to the purchase of an interest in which original note was given, against director of bank at which notes were negotiated and who was also a large creditor of the corporation, fact that representations were not in writing *held*, no defense where defendant did not make them in good faith and profited thereby (3 Comp. Laws 1929, § 13419).

3. APPEAL AND ERROR—SPECIAL QUESTIONS—COURT RULES.

> In action for damages resulting to plaintiff from defendant's fraudulent misrepresentations as to financial condition of corporation, incident to the purchase of an interest in which original note was given, in securing plaintiff's indorsement thereon, Supreme Court is bound by findings of jury as to essential issues of fact submitted to it in form of special questions and must pass upon the case as thus presented in the absence of appellant's request for submission of other questions (Court Rule No. 37 [1933]).

4. COSTS—PROLIX RECORD AND BRIEFS.

> Upon affirmance of judgment for plaintiff in action at law for fraud, appellee *held*, entitled to but three-fourths of taxable costs because of prolix record and briefs.

POTTER, C. J., and WIEST, J., dissenting.

Appeal from Washtenaw; Gillespie (Glenn C.), J., presiding. Submitted April 4, 1935. (Docket No. 74,

Calendar No. 38,187.)   Decided October 30, 1935.
Rehearing denied December 10, 1935.

Case by J. Fred Wuerth against Frank A. Stivers and George E. Paul for damages for fraud in connection with plaintiff's indorsement of a promissory note.   Directed verdict and judgment for defendant Paul.   Verdict and judgment for plaintiff against defendant Stivers.   Defendant Stivers appeals. Plaintiff cross-appeals.   Affirmed.

*Andrew J. Sawyer, Jacob F. Fahrner* and *Ezra H. Frye,* for plaintiff.

*Frank B. DeVine* and *Joseph C. Hooper,* for defendant Stivers.

BUSHNELL, J.   This is an action to recover damages which plaintiff claims to have sustained because of false representations and statements made to him by defendants regarding the accounts, bills payable and earnings of the Ann Arbor Floral Company by reason of which he was induced to indorse a promissory note for $13,734.75, due in four months and payable to the First National Bank & Trust Company of Ann Arbor.   The note was renewed with plaintiff's indorsement, shortly after its maturity, and on November 13, 1930, a bill for the appointment of a receiver for the company was filed and shortly thereafter it was adjudged a bankrupt.   The renewal note being unpaid, the bank brought suit against plaintiff and his co-indorsers, and on appeal a final judgment was entered in favor of the bank for the amount of the note and interest against the maker and all the indorsers.   See *First National Bank & Trust Co.* v. *Wuerth,* 262 Mich. 691. Wuerth there claimed his signature was obtained

through fraud, but defendant Stivers was not a party to that action. The bank, later, levied on some of Wuerth's property in Ypsilanti, and Mrs. Wuerth filed a bill seeking reformation of a deed, etc., in an attempt to frustrate the levy. See *Wuerth* v. *Wuerth,* 270 Mich. 628. The two opinions referred to give much of the factual background of the instant case.

The zeal of counsel has caused them to wander far afield. They are undoubtedly aware of the many unnecessary additions, by way of repetition in the record, because their attention was challenged to this at various times by the learned trial judge. We feel prompted to add, that little is gained, by repetition in the brief of over nine pages of the complete text of the trial court's opinion in determining the motion *non obstante,* to say nothing of space devoted to arguments based on facts *dehors* the record.

The trial court submitted six special questions to the jury and stated in connection therewith:

"Something was said yesterday about the way in which these questions should be answered in order to arrive at a verdict. That is not the reason these questions are submitted to you. You are not to approach these questions with the thought in mind that you are going to find a verdict for either one party or the other. The questions are submitted to you for your answers under the testimony and the instructions of the court without regard to what effect the answers will have on either the plaintiff or the defendant. That is the sole and only purpose in submitting them to you, that they may be answered under the testimony and under the instructions of the court and not with the thought in mind that your answers are going to render a verdict either for or against either of the parties."

These questions with their answers and accompanying instructions are:

"*Question No. 1.*

"On May 21, 1930, on the occasion of plaintiff's indorsing the $13,734.75 note of John H. Lundgren, did the defendant, Frank A. Stivers, make representations to the plaintiff as to the amount of accounts or bills payable or the earnings of the Ann Arbor Floral Company?

"*Answer:*  Yes.

"(*Instruction to jurors:*  If your answer to question No. 1 is 'No,' the remainder of the questions need not be answered, otherwise you should next answer question No. 2.)

"*Question No. 2.*

"If the defendant, Frank A. Stivers, made statements to the plaintiff on the occasion of plaintiff's indorsing the $13,734.75 note of John H. Lundgren relative to the accounts payable or the earnings of the Ann Arbor Floral Company, did the defendant knowingly and falsely misrepresent the true amount of the accounts or bills payable or the earnings of the Ann Arbor Floral Company, for the purpose of inducing the plaintiff to indorse the note?

"*Answer:*  Yes.

"(*Instruction to jurors:*  If your answer to question No. 2 is 'No,' the remainder of the questions need not be answered, otherwise you should next answer question No. 3.)

"*Question No. 3.*

"Prior to indorsing the note on May 21, 1930, did the plaintiff receive information from persons other than defendant, Frank A. Stivers, or, from documents in his possession, or, shown to him by anyone other than the defendant, as to the amount of the accounts or bills payable and the earnings of the Ann Arbor Floral Company, that induced him to indorse the $13,734.75 note of John H. Lundgren?

"*Answer:*  No.

"(*Instruction to jurors:*  If your answer to question No. 3 is 'Yes,' the remainder of the questions need not be answered, otherwise you should next answer question No. 4.)

"*Question No. 4.*

"Did the plaintiff believe the statements and representations referred to in question No. 2 to be true when he indorsed the note?

"*Answer:*  Yes.

"(*Instruction to jurors:*  If your answer to question No. 4 is 'No,' the remainder of the questions need not be answered, otherwise you should next answer question No. 5.)

"*Question No. 5.*

"Did the plaintiff rely upon the statements and representations referred to in question No. 2 when he indorsed the note?

"*Answer:*  Yes.

"(*Instruction to jurors:*  If your answer to question No. 5 is 'No,' the remainder of the questions need not be answered, otherwise you should next answer question No. 6.)

"*Question No. 6.*

"If the plaintiff is entitled to recover, at what amount do you assess his damages under the testimony and instructions of the court?

"*Answer:*  $16,730.06."

We note that the questions were framed so as to embrace each of the elements of fraud stated in *Candler* v. *Heigho*, 208 Mich. 115:

"The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or make it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by

plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery.''

We adopt as an expression of our views the following from the trial court's opinion in his ruling on defendant's motion for a verdict *non obstante:*

''It is impossible to examine the record without arriving at the conclusion that not only did the defendant profit materially by the representations, but that they were not made in good faith. He was a large creditor of the Ann Arbor Floral Company, as he had also been of its predecessor, and neither company had been a profitable enterprise. The Interstate Credit Company, in which defendant held a majority of the stock, had sold a portion of the property to one Lundgren, principal stockholder of the Ann Arbor Floral Company, on a contract, upon which the unpaid balance was in excess of $55,000. The contract was in default in both principal and interest payment. Defendant held two chattel mortgages on all the personal property of the company, aggregating $13,757.01. He was indorser of notes of the company in excess of $10,000 and of Lundgren's notes of over $3,700. The proceeds of the $13,734.75 note which plaintiff indorsed were applied in payment of notes at the bank which defendant had indorsed or in which he was directly interested:

| | |
|---|---:|
| Balance of $9,000 note due to Stivers... | $8,000.00 |
| Interest on note..................... | 381.33 |
| Balance of note of Interstate Credit Co. | 1,450.00 |
| Interest on note..................... | 90.87 |
| Balance of Lundgren's note........... | 3,769.50 |
| Interest on note..................... | 43.05 |
| | $13,734.75 |

"Defendant was a director of the bank at which all of the notes had been negotiated, and I feel sure was thoroughly familiar with all of the financial difficulties of the company.

"At the time of the transaction the Ann Arbor Floral Company was virtually a bankrupt and it would seem that common honesty would have required the defendant to have informed plaintiff of its unpaid obligations; that its title to the real property was held under land contracts which were in default; that defendant held two chattel mortgages covering all of its personal property, and had been obliged to repeatedly indorse its notes to secure additional finances. Instead of so doing he grossly misrepresented the amount of bills and accounts payable and the earnings of the company, and by so doing procured plaintiff's indorsement of the note, the proceeds of which were used to pay notes which defendant had indorsed, and which he would ultimately have been obliged to pay. This is not a case which comes within the statute,* and the action is not barred because the representations were not in writing."

We are bound by the jury's findings as to the facts submitted to it under Court Rule No. 37 (1933), and the questions as framed contained all the essential issues of fact. Counsel for appellant did not ask for the submission of other questions, and as stated in *Pajalich* v. *Ford Motor Co.*, 267 Mich. 418, "we must accept the situation as we find it and pass upon the case as it is presented to us."

The twenty-odd assignments of error have been examined and we discover no prejudicial errors.

Because of prolixity in the record and briefs, we will reduce plaintiff's costs. See *Van Deusen* v.

---

* See 3 Comp. Laws 1929, § 13419.—REPORTER.

*Newcomer,* 40 Mich. 525, and *Sanford* v. *Rowley,* 93 Mich. 509.

The judgment is affirmed but appellee shall have only three-fourths of such costs as are taxable under the rules.

NORTH, FEAD, BUTZEL and EDWARD M. SHARPE, JJ., concurred with BUSHNELL, J.

WIEST, J. (*dissenting*). I find reversible error.

Plaintiff, Conlin and Baumgartner were joint adventurers and information sought by one from defendant Stivers, in behalf of the joint enterprise and so furnished by Stivers, was admissible, and the court was in error in excluding the two letters so written by Stivers to Conlin.

The court was also in error in excluding the letter of the joint adventurers to Mr. Stivers, after indorsement of the obligation and with actual, or chargeable knowledge of now asserted fraud, perpetrated by Mr. Stivers, and tendering, not a compromise, but a new and substitute arrangement.

Judgment should be reversed, with costs to defendant Stivers.

POTTER, C. J., concurred with WIEST, J.

The late Justice NELSON SHARPE took no part in this decision.