### COLE *v.* AUSTIN.

1. DAMAGES—SKULL FRACTURES—QUESTION OF FACT.
   The amount of damages suffered by five-year-old boy, a bicyclist's passenger, who received two skull fractures in head-on collision with defendant's truck, *held,* a question of fact.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am. Jur., Damages, § 71.
[2] 53 Am. Jur., Trial, §§ 341–346, 354.
[2–4, 9] Requests by both parties for directed verdict as waiver of submission to jury. 18 A.L.R. 1433; 69 A.L.R. 633; 108 A.L.R. 1315.
[3, 4, 9] 53 Am. Jur., Trial, § 345.
[5] 38 Am. Jur., Negligence, § 243.
[6, 7] 5 Am. Jur., Automobiles, § 164.
[8] 53 Am. Jur., Trial, § 349.

2. TRIAL—MOTION TO DIRECT VERDICT BY BOTH PARTIES.

Where, without reservations, both parties ask for directed verdict, the court may determine the case and need not submit it to the jury even though there be room for conflicting inferences from the testimony.

3. SAME—MOTION TO DIRECT—RESERVATION OF RIGHT TO GO TO JURY.

A party who moves for a directed verdict may reserve his right to go to the jury on denial of his motion, by any definite claim, even an oral one, to the court to that end, made upon the record.

4. SAME—MOTION FOR DIRECTED VERDICT BY BOTH PARTIES.

Where defendants have reserved the right to have a jury pass upon the amount of damages, if any, and both parties have moved for a directed verdict, it was error for the trial court to determine such issue of fact and it would ordinarily result in a new trial.

5. NEGLIGENCE—PROXIMATE CAUSE—MINORS.

When the defendant is guilty of negligence which is a proximate cause of the accident, and the plaintiff is a minor, the plaintiff is entitled to recover, because the negligence of plaintiff's driver, if he was negligent, cannot then be imputed to the plaintiff.

6. AUTOMOBILES—SPEED—DIRECTED VERDICT—PROXIMATE CAUSE.

Even though a motorist be found to have been traveling at an excessive speed, he may not be found liable as a matter of law unless the excessive speed be shown to have been a proximate cause of the accident.

7. SAME—SPEED—CURVES—BICYCLES—PROXIMATE CAUSE.

In action by bicyclist's five-year-old passenger against motorist whose truck was half way around a curve when head-on collision took place, jury's verdict of no cause for action must have been based on finding that the excessive speed of the motorist was not a proximate cause of the accident.

8. TRIAL—MOTION FOR DIRECTED VERDICT OR JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

When a motion is made to direct a verdict or for a judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the opposite party.

9. AUTOMOBILES—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.
     Evidence on question of proximate cause in action by bicyclist's
          passenger against motorist for skull fractures received in
          head-on collision while on curve at an intersection *held*, not to
          have justified court's finding of fact that defendant motorist
          was guilty of negligence, where, although both parties had
          moved for a directed verdict, defendant reserved the right to
          go to the jury in case of denial of his motion.

Appeal from Kalamazoo; McDonald (Archie D.), J., presiding. Submitted April 7, 1948. (Docket No. 16, Calendar No. 43,894.) Decided June 14, 1948.

Case by Alex Lynn Cole, by Elizabeth Cole, his next friend, against Eugene Austin and others for injuries sustained when he was hit by truck. Verdict for defendants. Judgment for plaintiff *non obstante veredicto*. Defendants appeal. Reversed and remanded for entry of judgment on verdict.

*Jackson, Fitzgerald, Dalm, Nims, Sage & Wheeler*, for plaintiff.

*Howard & Howard*, for defendants.

SHARPE, J. This is an action for damages resulting from injuries sustained by Alex Lynn Cole, a five-year-old boy.

The essential facts necessary to a determination of the issues involved are as follows: On July 19, 1945, at about 2:30 p.m., defendant Eugene Austin was operating a delivery wagon, driving south on River road and was making a right-hand or westerly turn into Lake street, south of the village of Comstock. Lake street ends at River road and forks at this intersection. One fork turns north and the other fork turns south. Both forks are of tarvia surface. The fork to the north, on which the collision occurred, has a gravel shoulder on the inside

of the curve next to the westerly edge of the road. Defendant driver entered the turn from the north going southerly turning towards the west. The truck had slowed down to a speed of 30 miles per hour and as it entered the curve was traveling 25 to 26 miles per hour. When the truck was about one-third of the way around the curve, the driver saw two boys on a bicycle coming towards him riding on the same tarvia the truck was traveling on. Neither of the boys was looking towards the defendant when the defendant first saw them. The boys were looking towards the south. Defendant driver sounded his horn, applied his brakes and stopped, but not before there was a head-on collision. Plaintiff, Alex Lynn Cole, was riding on the crossbar of the bicycle. After the collision, both boys were lying a few feet in front of the truck. The bicycle was between the boys and the truck. The truck was approximately from one-half to two-thirds of the way around the curve when it stopped. As a result of the collision, plaintiff received two linear fractures of the skull.

The cause came on for trial and at the close of plaintiff's proofs, defendants moved for a directed verdict for the reason that there was no question of fact as to the negligence of the defendant driver that should be submitted to a jury. At the close of all proofs, plaintiff moved for a directed verdict, but without stating reasons therefor. Defendants thereupon renewed their motion for a directed verdict and added "if there is any question of fact at all, I would like to reserve the right to go to the jury on it." The trial court denied both motions, but reserved the right to pass upon them later. He submitted the cause to the jury who returned a verdict of no cause of action.

Following the verdict, the attorneys for plaintiff filed a motion to set the motion for a directed verdict for a hearing and on the same day filed a motion for

a new trial giving as a reason that the verdict of the jury is contrary to the great weight of evidence. The trial court filed an opinion in which he found that defendant driver was guilty of negligence as a matter of law for the reason that he was traveling in excess of 25 miles per hour on a curve in a residential district and not in a manner so that he could stop within the assured clear distance ahead;* that plaintiff at the time of the collision was five years old, and therefore, not guilty of contributory negligence; and that a judgment of $500 for pain and suffering was a proper amount for judgment. A judgment was entered in accordance with his opinion.

Leave having been granted, defendants appeal and urge that the trial court was in error in granting plaintiff's motion for judgment notwithstanding the verdict as there were questions of fact which were properly jury questions, among which are: Whether the accident occurred in a residential district; the assessment of damages; whether defendant driver was faced with a sudden emergency, not caused by his own negligence; whether the negligence of the operator of the bicycle in not keeping a proper lookout was the proximate cause of the accident; and whether the defendant was guilty of any negligence which was a proximate cause of the accident.

For the purpose of this opinion, we can assume that defendant was driving in a residential district at an excessive speed as contended by plaintiff; and we can also assume from the testimony that the boy suffered damages. The amount of these damages presented a question of fact.

---

* See 1 Comp. Laws 1929, § 4697, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4697, Stat. Ann. 1947 Cum. Supp. § 9.1565).—Reporter.

The trial court submitted this issue to the jury in the following language:

"I instruct you, members of the jury, that physical pain and suffering are elements of damage for which the injured party is entitled to recover if you find that the defendant is liable under the evidence and the instructions of the court. In that case, the injured party is entitled to have pain and suffering considered, and to estimate what damages he should recover. It is an element of damage, not in the nature of being susceptible to an exact computation as jurors must determine the amount using your best candid judgment in the matter. Upon the other hand, you should not go to extremes or assume to act arbitrarily because it is not an arbitrary power the law has placed in your hands. It is purely a necessity that it must rest somewhere, and the law gives the power to the jury to act upon their deliberate and conscientious judgment in determining what would be fair compensation for the injuries sustained."

We note that defendants' counsel in asking for a directed verdict at the close of all testimony reserved the right to submit questions of fact to the jury.

In *Arnold* v. *Krug,* 279 Mich. 702, we said:

"Where, without reservations, both parties ask for directed verdict, the court may determine the case and need not submit it to the jury even though there be room for conflicting inferences from the testimony. * * *

"It follows also that one may reserve his right to go to the jury, on denial of his motion to direct, by any definite claim to the court to that end, made upon the record. The reservation need not be by written request to charge."

See, also, *Cardinal* v. *Reinecke,* 280 Mich. 15.

Defendants having reserved the right to have a jury pass upon the amount of damages, if any, we

think it was error for the trial court to determine this issue of fact. Such error would ordinarily result in a new trial except for another question which we will discuss and that is the question relating to the proximate cause of the accident.

The trial court instructed the jury on the question of proximate cause in the following manner:

"Under the law violation of the statute is negligence per se—that means negligence in and of itself, so that if you find the defendant violated the statute by driving faster than the legal rate of speed at the time of the accident, that amounts to finding that he was negligent.

"However, it is still for you to determine whether or not said negligence was the proximate cause of the injury alleged. In other words, if the defendant were found by you to be negligent, you would still have to determine whether or not said negligence was the proximate cause of the injury. In other words, some other negligence may have been or was the proximate cause of the injury. * * *

"I referred to proximate cause, and in that connection even though you may find negligence, you must determine that that negligence was the proximate cause of the injury. Proximate cause of injury which is a natural and continuous sequence influenced by no other cause and producing the event and without which the event would not have occurred. But in order to warrant a finding that negligence is the proximate cause of the injury, it must appear from the evidence that the injury was a natural and proper sequence of the negligence, and should have been foreseen as likely to occur by a person of ordinary prudence under like circumstances. * * *

"*Mr. Howard:* Your Honor, it seems that the question of the possibility of Verne Sparks' negligence being the proximate cause has not been covered.

"*The Court:* Well, I covered it to this extent, I stated to the jury that they must determine that the

injuries must—the negligence of the defendant, if they find him negligent, must be the proximate cause of the injury. I also instructed them that there may be other proximate causes which may have caused the injury. That is something to determine. It is possible that the negligence—the action, rather, of Verne Sparks, may have been that negligence which was the proximate cause, and not the negligence of the defendant. The jury may take that into consideration.

"*Mr. Nims:* In view of this last discussion between the court and the statement by counsel, there might be a confusion in the minds of the jury, and I ask that the court instruct the jury that there may be more than one proximate cause, and if the defendant's negligence is a proximate cause of the accident, then they will find for the plaintiff even though the negligence of Verne Sparks may also be a proximate cause of the accident.

"*The Court:* I think I made it clear there may be more than one proximate cause. If you find that the defendant's negligence was a proximate cause, then you may find for a verdict against him. That is about all I care to say, gentlemen. There is nothing further and you will retire to the jury room, elect a foreman and proceed to deliberate. We will have an officer sworn."

Neither party complains of the above instructions. Defendants urge that the proximate cause of the accident was a question of fact and properly submitted to the jury.

In *Sedorchuk* v. *Weeder,* 311 Mich. 6, we said:

"When the defendant is guilty of negligence which is a proximate cause of the accident, and the plaintiff is a minor, the plaintiff is entitled to recover, because the negligence of plaintiff's driver, if he was negligent, cannot then be imputed to the plaintiff."

Assuming that defendant driver was driving at an excessive speed, we cannot say as a matter of law that such excessive speed was a proximate cause of the accident.

In *Losey* v. *Wetters,* 278 Mich. 422, we said:

"If we assume that the Dodge truck was traveling at a rate of speed in excess of 30 miles per hour in contravention to 1 Comp. Laws 1929, § 4766, as amended by Act No. 253, Pub. Acts 1933, then we think it presents a question of fact for a jury's determination as to whether or not the excessive speed was the proximate cause of the accident. We cannot say as a matter of law that exceeding the statutory speed in the manner and under the circumstances involved in this case was the proximate cause of the accident."

See, also, *Vukich* v. *City of Detroit,* 318 Mich. 515.

The jury by their verdict of no cause for action must have found that the negligence of defendant's driver was not a proximate cause of the accident.

The testimony shows that the boy operating the bicycle was not looking in the direction in which he was riding until about the instant of the collision.

Defendant driver testified:

"I saw these two boys on one bicycle they were riding on the same tarvia I was traveling on—they were coming right towards me. They were not looking at me when I first saw them. They were both looking off towards the south, I believe it would be."

Verne Sparks, the boy who propelled the bicycle, testified: "The bicycle was about in the center of this paved portion when I first saw the truck." In speaking of when he saw the truck, he gave the following testimony:

"I saw it when we were in about the middle of the black-top road, we were going around the curve at the time, and as we rode along, we were looking over

at the store. First I looked behind me to see if there was a car coming, and then I looked over to the store, then I turned and looked up the road, and there was the truck."

When a motion is made to direct a verdict or for a judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the opposite party. *Anderson* v. *Kearly,* 312 Mich. 566; *Lane* v. *B & J Theatres, Inc.,* 314 Mich. 666; *Michigan Fire & Marine Insurance Co.* v. *Pretty Lake Vacation Camp, Inc.,* 316 Mich. 197.

In our opinion the proximate cause of the accident presented a question of fact which should be determined by the trier of facts. The trial court in rendering a judgment in favor of plaintiff found in effect that defendant's manner of driving was a proximate cause of the accident. It was error to make such a finding of fact in view of the circumstances in this case.

The trial court was in error in granting plaintiff's motion for judgment notwithstanding the verdict. The cause is remanded to the trial court with directions to enter a judgment on the verdict of the jury. Defendants may recover costs.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.