## NANTICO v. MATUSZAK.

1. MASTER AND SERVANT—FALL ON STAIRWAY—QUESTIONS FOR JURY
—EVIDENCE.

In baker's action against employers who had not elected to come
under the workmen's compensation act for injuries sustained
when he fell down steps in basement stairway, testimony justi-
fied submission to jury of issues of fact as to whether con-
tainers of frozen foods had been stored on the stairway, wheth-
er the stairway was slippery, whether it was in a safe condition,
whether defendants were guilty of negligence or plaintiff guilty
of wilful negligence, whether the negligence, if any, of either
was the proximate cause of the injury, and whether plaintiff .
was intoxicated at the time or whether his consumption of in-
toxicating liquor at the time had rendered his employment
unsafe, hence denial of directed verdict for defendants was
not error.

2. TRIAL—SPECIAL FINDINGS—EVIDENCE.

Where there was competent evidence to support jury's answers
to special questions submitted by defendants and such answers
were conclusive of the real issues in the case, they were bind-
ing on defendants and controlling of plaintiff's right of recov-
ery to the extent that they cover issues of fact in the case.

3. SAME—SPECIAL FINDINGS—EVIDENCE.

Claim that general verdict for plaintiff was contrary to the
special findings of the jury was without merit where jury did
find in answer to special question that there were containers on
basement stairway at time accident occurred although it also
made a special finding there were no containers containing
frozen yolks, in view of testimony there were containers of
frozen eggs, frozen fruits, baker's butter, and shortening
and that the cans were dripping with water.

4. MASTER AND SERVANT—BAKER—FALL ON STAIRWAY—INTOXICATION
—EVIDENCE.

In baker's action against employers for injuries sustained when
he fell down a basement stairway, wherein defendants claimed

REFERENCES FOR POINTS IN HEADNOTES

[2] 3 Am. Jur., Appeal and Error, § 952.
[4] 38 Am. Jur, Negligence, § 322.
[6] 15 Am. Jur., Damages, § 218.
[6] Excessiveness of verdict in action by person injured for in-
juries not resulting in death. 46 A.L.R. 1230; 102 A.L.R. 1125.

plaintiff was intoxicated at the time of the accident, evidence as to his physical condition at the time of the accident was admissible but instruction to disregard evidence of intoxication at some other time was not error.

5. EVIDENCE—INTOXICATING LIQUORS—NEGLIGENCE.

It cannot be assumed that a drinking man, or one addicted to the use of intoxicating liquors, is always drunk, or always in a condition which excludes the possibility of the exercise of due care.

6. MASTER AND SERVANT—BAKER—QUESTIONS FOR JURY—GREAT WEIGHT OF EVIDENCE.

Verdict for baker in action against employers for injuries sustained on defendant's premises after finishing work and changing his clothes in the basement when he fell on stairway, the only means of egress from the basement, *held,* not contrary to the great weight of the evidence on issues of fact properly submitted to jury.

7. DAMAGES—LEG INJURY—PAIN AND SUFFERING—LOSS OF EARNINGS.

Verdict of $5,000 to baker who suffered a comminuted fracture of the left femur, had a lot of pain, a permanent shortening of the leg, a 10 to 15 per cent. loss of function, was in a cast for four months, in bed for weeks thereafter, compelled to use crutches for six months and unable to pursue his usual occupation as a baker, *held,* not excessive.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted October 5, 1948. (Docket No. 13, Calender No. 44,022.) Decided November 12, 1948.

Case by John Nantico against John Matuszak and another, individually and doing business as Matuszak Bros. Bakery, for personal injuries suffered when he fell on stairway in the bakery. Verdict and judgment for plaintiff. Defendants appeal. Helen Fiddler, administratrix of estate of John Nantico, deceased, substituted as party plaintiff. Affirmed.

*Ellmann & Rosin (Erwin B. Ellman* and *Robert W. Kefgen,* of counsel), for plaintiff.

*Riseman, Lemke & Piotrowski,* for defendants.

BOYLES, J.  This is a suit by an employee against his employers to recover damages for personal injuries sustained as the result of a fall on a basement stairway on the defendants' premises.  The case was tried by jury, plaintiff had verdict for $5,000 and from the judgment entered on the verdict the defendants appeal.  The defendants make no claim they had less than eight employees, did not carry workmen's compensation insurance, and concede that they were barred from interposing the defense of contributory negligence (unless wilful), negligence of a fellow employee, and assumed risk. Workmen's compensation act (Act No. 10, pt. 1, § 1, Pub. Acts 1912 [1st Ex. Sess.] [2 Comp. Laws 1929, § 8407, Stat. Ann. § 17.141]).*

The defendants are engaged in the retail bakery business in Hamtramck, and over a period of five or six years had intermittently hired plaintiff as a baker.  The hiring was done through a union and defendants had no control over who was sent to them as an employee.

Plaintiff, at the time of his injury, was working from 7 o'clock in the evening to 3 o'clock the next morning.  On Friday morning, December 1, 1944, at about 3:15 a.m., he had gone into the basement of the bakery to change into his street clothes and as he ascended the steps which were the only means of egress from the basement he had reached the third step from the top when he turned around to kill a cockroach.  In so doing he released his grip on a handrail.  As he turned around he slipped and fell to the cement floor of the basement, and was

---

* No claim is made with reference to the amendments to sections 2, 2a, 3, 4 and 5 of part 1 of said act by Act No. 245, Pub. Acts 1943 and Act No. 325, Pub. Acts 1945.  See Comp. Laws Supp. 1945, §§ 8408–8411 inclusive, Stat. Ann. 1947 Cum. Supp. §§ 17.142–17.145, inclusive.

injured. Plaintiff relies on the claim that the stairs were in an unsafe condition because containers of frozen egg yolks, frozen fruits and baker's lard had been placed on the stairs, that the outside of the cans or cartons was covered with ice or frost which had melted leaving water mixed with flour dust rendering the steps slippery and unsafe. The defendants claim that they were not guilty of any negligence which was a proximate cause of the accident, that the proximate cause was plaintiff's releasing his hold on the handrail to kill a cockroach. The defendants also contend that the plaintiff was addicted to the use of intoxicating drink; that they had no control over the selection of their employees, that the union had such power; that on the day of the accident he had, in violation of their instructions, visited a saloon; that he had refused to finish the day and had gone to the basement; that the steps leading to the basement were dry and that he fell to the floor of the basement because of an intoxicated condition.

In an appropriate charge the court submitted to the jurors as questions of fact for them to determine, whether cans of egg yolks or frozen fruits were on the stairway, whether the stairway was slippery, whether it was in a safe condition, whether defendants were guilty of negligence or the plaintiff guilty of wilful negligence, whether the negligence (if any) of either party was the proximate cause of the injury, whether the plaintiff was intoxicated at the time, or whether his consumption of intoxicating liquor at the time had rendered his employment unsafe. We are not in accord with appellants' claim that the court should have directed a verdict for the defendants. There was ample testimony to justify submitting to the jury the issues of fact in the case.

Certain special questions were submitted to the jury and answered in writing signed by all of the jurors, as follows:

"1. Were the steps leading to the basement wet at the time the accident occurred?

"Yes.  . . . . . Yes
"  . . . . . . . . . . . No

"1-a. Were the steps leading to the basement slippery at the time the accident occurred?

"Yes.  . . . . . Yes
"  . . . . . . . . . . . No

"1-b. Were any containers containing frozen yolks on the steps leading to the basement at the time the accident occurred?

"  . . . . . . . . . . . Yes
"No.  . . . . . . No

"1-c. Were there any containers on the stairway leading to the basement at the time the accident occurred?

"Yes.  . . . . . Yes
"  . . . . . . . . . . . No

"2. Did the plaintiff terminate his employment with the defendants prior to the occurrence of the accident?

"  . . . . . . . . . . . Yes
"No.  . . . . . . No

"3. Was the plaintiff under the influence of intoxicating liquor consumed in violation of his employer's instructions at the time the accident occurred and that as a consequence such consumption of intoxicating liquor rendered his employment unsafe and was the proximate cause of the accident?

"  . . . . . . . . . . . Yes
"No.  . . . . . . No"

Questions 1, 1-a, 1-b, 2 and 3 were submitted to the jury at the request of the defendants. There was competent evidence to support the answers of the jurors to each of these special questions. They were conclusive of real issues of fact in the case.

They are binding on the appellants and controlling of the plaintiff's right to recover, to the extent that they cover issues of fact in the case.

"Counsel for appellant has not discussed what consideration, if any, should be given to the special questions submitted to the jury and the answers of the jury thereto. These questions hereinbefore quoted were submitted to the jury by the court upon request of defendant. They were plain and unambiguous and called for findings on questions of fact which were conclusive of the real issues involved in this case. The answers, above noted, to the questions so submitted by defendant's request, if based upon any competent evidence, are binding upon defendant and are conclusive of the issues involved in the instant case. *Pajalich* v. *Ford Motor Co.*, 267 Mich. 418; *Wuerth* v. *Stivers*, 273 Mich. 276; *Beecher* v. *Galvin*, 71 Mich. 391." *Finch* v. *W. R. Roach Co.*, 299 Mich. 703, 711.

Special question 1-c, although submitted, was not separately requested by the defendants. They claim that the answer to special question 1-b now controls, namely, that there were no containers containing *frozen eggs* on the steps. But there was testimony that on the steps were cans filled with frozen eggs, baker's butter, shortening and frozen fruits, and that the cans were dripping with water. There was testimony of boxes of raisins and other ingredients on the stairway, used in baking. It is not true, as claimed by appellants, that "plaintiff's entire case is predicated upon frozen eggs." By their answer to question 1-c, the jurors found that there were containers on the stairway. There is no merit in appellants' claim that the general verdict for the plaintiff is contrary to the special findings.

The court charged the jury:

"Now, in determining the question whether plaintiff was or was not intoxicated at the time of the

accident, you will disregard any testimony which you may have heard concerning his drinking habits or his intoxication at other times before and after the date on which he sustained his injury.  * * *  You will have to determine whether or not he was intoxicated on the day in question from the evidence that was brought here and not consider the fact that he was intoxicated a year before or at any other time as bearing upon that particular question."

The court did not err in instructing the jury to disregard evidence of intoxication at some other time

"The question is, what was plaintiff's condition as to sobriety at the time of the accident? It cannot be assumed that a drinking man, or one addicted to the use of liquors, is always drunk, or always in a condition which excludes the possibility of the exercise of due care." *Langworthy* v. *Township of Green,* 88 Mich. 207, 217.

"Defendant had a right to show plaintiff's intestate's physical condition as bearing upon the question of his contributory negligence, but evidence of intoxication prior to the time of the injury was inadmissible." *Madalinski* v. *Hill,* 277 Mich. 219, 221.

There were issues of fact in the case, and they were properly submitted to the jury. We do not find that the verdict was contrary to the great weight of the evidence.

Appellants' final ground urged for reversal is:

"Where by reason of an accidental injury the plaintiff suffers a 10 per cent. disability to his left leg, is a $5,000 verdict excessive?"

There was evidence that he suffered a comminuted fracture of the left femur, that "he had a lot of pain," that he had a permanent shortening of the leg and a 10 to 15 per cent. loss of function, was in a cast for four months, in bed for weeks thereafter, was compelled to use crutches for six months, and

cannot pursue his usual occupation as a baker. The verdict was not excessive.

Affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, REID, NORTH, DETH-MERS, BUTZEL, and CARR, JJ., concurred.