GROVER v. SIMONS.

1. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

The testimony must be construed as strongly as reasonably possible in plaintiff's favor in determining issues presented on appeal from judgment for defendant notwithstanding the verdict which had been returned for plaintiff.

2. NEGLIGENCE—INVITEES—RESTAURANT CUSTOMERS.

The duties resting on defendant restaurant owner with respect to a customer on portion of the premises open to the customer must be determined upon the basis that the customer is an invitee.

3. SAME—RESTAURANT CUSTOMERS—TOILETS.

A restaurant owner is not an insurer of the safety of his customers but does have the burden of using proper care for their safety with respect to the area open to the customers, including the toilets, or rest rooms, maintained for their use and accommodation.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error §§ 937, 945, 952.
[2] 38 Am Jur, Negligence § 133.
[3, 4] 38 Am Jur, Negligence § 96.
[5, 7, 9, 11] 38 Am Jur, Negligence § 348.
[5] 38 Am Jur, Negligence § 356.
[5, 6] 38 Am Jur, Negligence § 344 et seq.
[8] 38 Am Jur, Negligence § 96 et seq.
[10] 38 Am Jur, Negligence § 29.

4. SAME—RESTAURANT—TOILET ROOMS.

Whether or not the customer of defendant restaurant owner was directed by the latter to the men's toilet room or went there without such direction is immaterial as respects the care required of defendant for the safety of his customers therein.

5. SAME—RESTAURANT—TOILET ROOMS—TRAP DOOR—LIGHTS—QUESTIONS FOR JURY.

The issue of whether defendant restaurant owner had maintained a sufficient amount of artificial light in an otherwise unlighted 9'6" x 3'8" toilet room for men in the floor of which there was a 5'6" x 34" trap door about 3' from the entrance and which question of light was an important matter in connection with the alleged negligence of defendant and the claimed contributory negligence of the customer was for the jury, where the testimony as to the amount of light that was afforded at time the customer fell through the trap door was in conflict.

6. SAME—RESTAURANT—TOILET ROOMS—OPEN TRAP DOOR.

Defendant restaurant owner was chargeable with knowledge of the situation in the 9'6" x 3'8" toilet room he maintained for men, with a 5'6" x 34" trap door in the floor about 3' from the entrance, where there was testimony it was dimly lighted, it appears that no precautions were taken to see that the trap door was not inadvertently left open and that there is no basis for an assumption or inference that some unauthorized trespasser, or other person, had left it open; hence, the question of defendant's negligence was for the jury to determine.

7. SAME—RESTAURANT CUSTOMER—CONTRIBUTORY NEGLIGENCE—OPEN TRAP DOOR IN TOILET ROOM.

Customer in restaurant who went to the men's toilet that was 9'6" x 3'8" where he fell through an open 5'6" x 34" trap door in the floor some 3' from the entrance may not be said to have been guilty of contributory negligence as a matter of law, on appeal from judgment for defendant notwithstanding verdict, where there is conflicting evidence as to whether he had exercised the requisite degree of care for his own safety, there being nothing to warn anyone of a trap door, no precautions taken to see that it was not inadvertently left open and testimony that the light was dim.

8. SAME—INVITEES—APPREHENSION OF DANGER.

An invitee upon premises is not under obligation, as a matter of law, to look for an unsafe condition or danger, where there is no reason to apprehend the same.

9. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

   Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion.

10. SAME—DEFINITION OF ORDINARY CARE.

   Ordinary care is the care which an ordinarily prudent person would exercise under the same or similar circumstances.

11. SAME—INVITEES—CONTRIBUTORY NEGLIGENCE.

   Each case involving the issues of negligence of an invitor and of the contributory negligence of the invitee must be determined with reference to the particular facts involved.

Appeal from Shiawassee; Lyons (Willis L.), J. Submitted January 5, 1955. (Docket No. 11, Calendar No. 46,116.) Decided June 6, 1955.

Case originally by John L. Phippard, continued in the name of Leah D. Grover, administratrix of his estate, against Frank Simons for damages arising from injuries sustained in fall through trap door in restaurant washroom. Judgment for defendant notwithstanding verdict. Plaintiff appeals. Reversed and remanded.

*James M. Pearson,* for plaintiff.

*Milton G. Schancupp,* for defendant.

CARR, C. J. This case has resulted from an accident occurring in the restaurant of defendant Simons, in the city of Owosso, on October 9, 1947. In company with 2 friends, John L. Phippard, whose estate is represented in the present case by the ancillary administratrix, entered the restaurant of defendant for the purpose, as it is claimed, of procuring a lunch. The party was en route from Grand Rapids to Malverne, New York. According to testimony offered on behalf of plaintiff on the trial in

circuit court, Mr. Phippard asked to be directed to
the men's toilet and was so directed by defendant.
His companions, in the meantime, sat down at the
lunch counter and ordered doughnuts and 3 cups
of coffee. Mr. Phippard did not return immediately
from the rest room and one of his companions, be-
coming alarmed, investigated to determine the rea-
son for the delay. It was discovered that Mr.
Phippard, as indicated by the general situation, had
fallen through a trap door in the floor of the rest
room and was on the basement floor beneath. He
sustained a badly fractured leg. Following his re-
moval from the basement and the restaurant, he was
given medical and hospital treatment.

Claiming that the accident and his resulting inju-
ries were caused by negligence on the part of the
defendant, Mr. Phippard instituted an action to re-
cover damages. Issue in the case was duly joined
but before the cause was reached for trial Mr. Phip-
pard died. Such death, it is agreed, was not con-
nected in any way with, or occasioned by, the in-
juries in question here. Probate proceedings were
instituted in the State of New York, with ancillary
administration in this State. Plaintiff was appointed
as ancillary administratrix by the probate court of
Shiawassee county, and on motion an order of sub-
stitution was entered.

At the conclusion of the proofs on the trial, counsel
for defendant moved for a directed verdict. Deci-
sion thereon was reserved, the case submitted to
the jury, and a verdict in the sum of $3,500 returned.
Defendant thereupon moved for judgment notwith-
standing the verdict, which was granted. The
opinion filed by the trial judge indicates that he ques-
tioned whether the proofs were sufficient to estab-
lish actionable negligence on defendant's part, and
further stated, in substance, that if there was such
negligence the right to recover damages was barred

by the contributory negligence of Mr. Phippard. Claiming that the court erred in rendering judgment for defendant on the motion, plaintiff has appealed.

In determining the issues presented, the testimony must be construed as strongly as reasonably possible in plaintiff's favor. *Hulett* v. *Great Atlantic & Pacific Tea Co.*, 299 Mich 59, 63; *Anderson* v. *Kearly*, 312 Mich 566; *Cole* v. *Austin*, 321 Mich 548. Under plaintiff's proofs, Mr. Phippard was an invitee, and the duties resting on defendant must be determined accordingly. In operating the restaurant he was not an insurer of the safety of his customers, but the burden rested on him to use proper care for their safety. *Hulett* v. *Great Atlantic & Pacific Tea Co.*, *supra*. It is not disputed that the men's toilet, or rest room, was maintained for the use and accommodation of patrons.

At the time of the accident Mr. Phippard was alone in the rest room. So far as this record discloses there was no witness of the accident available at the time of the trial. In consequence the physical facts, and the inferences that may be drawn therefrom, become of special significance. Whether Mr. Phippard went to said room pursuant to the direction of the defendant, as plaintiff's witnesses claimed, or without such direction, as defendant insisted on the trial, is not material. It is conceded that the door was marked in such manner as to indicate the purpose and use of the room, which, it is agreed, was 9'6" in length by 3'8" in width, the door being located at the south end of the room. The trap door in the floor was approximately 34" wide. It was about 3 feet from the door and, when opened, was supported by a prop or stick.

In using the room it was necessary to pass over the trap door. The physical facts clearly indicate that it was open when Mr. Phippard entered the rest room and that he fell through the opening,

which was approximately 34" in width by 5-1/2 feet in length, into the basement. Defendant insisted on the trial that he was not aware that the trap door had been opened and left in that position and that, in fact, it had been closed a short time previously. He testified also that the stairs to the basement beneath the trap door were not used other than by himself, his employee, Marshall Howe, and a meter reader. As a witness for defendant, Mr. Howe stated that the dishwasher was on duty in the restaurant prior to the accident, but he did not know whether she went to the basement. There is no testimony indicating that the meter reader was on the premises on the day in question. In the absence of such proof it may not be assumed that he opened the trap door, in order to obtain access to the basement, and left it open. Neither may it be assumed that some unauthorized person did so. The safety of patrons of the restaurant going to the rest room required that the trap door be kept closed. It does not appear, however, that defendant exercised any specific precautions with reference to it.

There were no windows in the rest room through which light might enter. There was an electric light therein, suspended by a cord from the ceiling, but the testimony is in dispute as to its size and effect. On behalf of plaintiff the testimony of the 2 companions of Mr. Phippard, who went through the rest room to the basement in order to assist him therefrom, was to the effect that the light was dim, reference being made in such testimony to a 25-watt light. On behalf of defendant it is claimed that a 60-watt light had been installed the day prior to the accident, and that the room was brightly lighted. There was thus a direct conflict in the testimony. The matter of lighting conditions was obviously important as bearing on the alleged negligence of defendant, and, also, on the claimed con-

tributory negligence of Mr. Phippard. The issue was one for determination by the jury, which evidently resolved it in favor of plaintiff's claims.

Bearing in mind the nature of defendant's duty in the premises, the location of the trap door, the testimony of plaintiff's witnesses as to lighting conditions in the room, the fact that access to the basement through the trap door was limited, according to defendant's claims, in the manner set forth in his testimony, that no precautions were exercised to see that said door was not inadvertently left open, and that there is no basis for an assumption or inference that some unauthorized trespasser, or other person, was responsible for the situation, we think that the question of defendant's negligence was for the jury to determine. Construing the testimony as to the physical facts, and the inferences to be drawn therefrom, in favor of plaintiff, the conclusion follows that defendant was chargeable with knowledge of the situation existing in the rest room. *Wine* v. *Newcomb, Endicott & Co.*, 203 Mich 445; *Hulett* v. *Great Atlantic & Pacific Tea Co., supra.*

This brings us to a consideration of the question whether, if defendant was negligent, plaintiff's decedent was guilty of contributory negligence as a matter of law. As above noted, the trial judge, in granting the motion for judgment notwithstanding the verdict, determined this issue in favor of the defendant. Unquestionably the obligation rested on Mr. Phippard to exercise reasonable care for his own safety, the measure of care that an ordinarily careful and prudent person would have exercised under the same or like circumstances. On the record before us we do not think it can be said, as a matter of law, that he failed to do so. He had no reason to anticipate that there was in the floor of the rest room an open trap door, and that the taking of a couple of steps into the room might well

result in causing him to fall through the opening into the basement. No precaution was taken by way of a sign, or otherwise, to warn him, or anyone entering the room, of the presence of the trap door in the floor. If the light was dim, as plaintiff's witnesses claim it was, such fact may well have contributed to his failure to discover the opening.

Plaintiff's witness, Leonard Wilsing, who entered the rest room for the purpose of discovering what was detaining Mr. Phippard, testified specifically that the light was very dim, that he did not fall down the hole because he was attracted by the moans of Mr. Phippard in the basement, that he stopped when he heard such moans, that he then noticed the trap door standing open and a urinal at the north end of the room, and that he was approximately 1-1/2 feet inside the room when he hesitated for the reason stated. His testimony was corroborated by that of plaintiff's witness Kenneth E. Place, who testified, in part, as follows:

"*Q.* And after you got in the room what did you do?

"*A.* I didn't see anybody there, I was lost.

"*Q.* Was it light or dark in there?

"*A.* There was a light burning in there, not too bright, a dim light I would say.

"*Q.* Could you see readily or was it with difficulty, the surroundings in the room?

"*A.* Things did not stand out too clearly. The thing that struck my eye first was the toilet bowl at the far end of the room.

"*Q.* Right after you got in there what did you do?

"*A.* Len called to me, 'We are down here.' I looked and saw a wide-open trap door, both of them were down at the bottom of the stairs at that time.

"*Q.* As you went into the room, did you observe the trap door?

"*A.* Not at first, no, sir.

"*Q.* What called it to your attention?
"*A.* When I heard the call from downstairs."

Without discussing the testimony in more detail, it must be said that there were conflicts therein as to material facts. The determination of such issues was within the province of the jury. *Coleman* v. *Washington Theatre Co.,* 294 Mich 343. On the record before us it may not be said that, as a matter of law, plaintiff's decedent was guilty of contributory negligence in failing to exercise due and proper care for his own safety. Under the testimony such issue is one concerning which the minds of reasonable persons may well differ. The established facts, particularly the physical facts surrounding the accident, may properly be construed as furnishing a basis for the determination of the jury that Mr. Phippard was, under the circumstances, exercising the requisite degree of care for his own safety.

The case of *Nezworski* v. *Mazanec,* 301 Mich 43, involved issues similar to those in the case at bar. In discussing the matter of contributory negligence on plaintiff's part, it was said (p 63):

"Plaintiff was not under obligation, as a matter of law, to look for an unsafe condition of the platform. She was not guilty of contributory negligence in failing to look out for danger where there was no reason to apprehend danger. In *Hulett* v. *Great Atlantic & Pacific Tea Co.,* 299 Mich 59, 68, we said:

" 'Plaintiff could not be said, as a matter of law, to be under obligation to look for an unsafe condition of the floor. Negligence will not be imputed to plaintiff for failing to look out for danger if, under the surrounding circumstances, she had no reason to suspect that such danger was to be apprehended. *Lawrence* v. *Bartling & Dull Co.,* 255 Mich 580; *Corey* v. *Hartel,* 216 Mich 675;  *  *  * Baldwin, Personal Injuries (2d ed), p 138, § 146.'

"In the case of *Engel* v. *Smith,* 82 Mich 1, 7 (21 Am St Rep 549), we said:

" 'It is a sound rule of law that it is not contributory negligence not to look out for danger when there is no reason to apprehend any.'

"See, also, *Johnson* v. *City of Pontiac,* 276 Mich 103; *Grant* v. *Richardson,* 276 Mich 151; *Standard Oil Co.* v. *Burleson* (CCA), 117 F2d 412.

"The question of plaintiff's contributory negligence was, under the testimony presented, a question on which the minds of reasonable men might honestly reach different conclusions. From a careful examination of the entire record we cannot say that plaintiff was guilty of contributory negligence as a matter of law. The question of her negligence was properly presented to the jury."

In *Torma* v. *Montgomery Ward & Company,* 336 Mich 468, 478, this Court quoted with approval from *Reedy* v. *Goodin,* 285 Mich 614, 620, as follows:

" 'Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion. *Frary* v. *Grand Rapids Taxicab Co.,* 227 Mich 445. If plaintiff was in the exercise of ordinary care under all of the circumstances, he was not guilty of contributory negligence; and what is ordinary care is usually a question of fact. It is the care which an ordinarily prudent person would exercise under the same or similar circumstances.' "

See, also, *Muth* v. *W. P. Lahey's, Inc.,* 338 Mich 513, and prior decisions there cited.

In *Brusseau* v. *Selmo,* 286 Mich 171, to which our attention is called by counsel for defendant, the facts were materially different from those in the case at bar. There plaintiff, in accordance with directions given him, opened a door for the purpose of going down into the basement of defendant's place of busi-

ness. The light was sufficient for him to see the railing and the light switch which was on the same wall and approximately 2 feet above the railing. However, plaintiff did not turn on the light and partially closed the door behind him, so that, by his own conduct, the stairway was dimly lighted. In a 5 to 2 decision, this Court came to the conclusion that plaintiff was guilty of contributory negligence as a matter of law. Because of the factual situation involved, however, the decision cannot be regarded as of controlling significance in considering the case at bar. The same comment may be made with reference to *Neal* v. *Cities Service Oil Co.,* 306 Mich 605. There the plaintiff was injured by falling through a trap door which had been left open. Prior to the accident he had passed through the room where said trap door was located, without observing it, although the room was small and well lighted. Subsequently he had stood for several minutes in the doorway of said room, and fell as he stepped backwards into the opening.

Each case of this nature must be determined with reference to the particular facts involved. The testimony relating to defendant's negligence and to Mr. Phippard's alleged contributory negligence was of such character that the plaintiff was entitled to have the issues submitted to the jury. This was done, and the verdict rendered should not have been set aside.

The judgment entered in favor of defendant notwithstanding the verdict is reversed, and the case remanded with directions to enter judgment on the verdict. Plaintiff may have costs.

Butzel, Smith, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.