## WHITE ESTATE *v.* BEAUCHAMP.

1. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

> The testimony must be viewed in the light most favorable to plaintiff on appeal from a judgment for defendant notwithstanding the verdict of the jury, although there may not be inconsistencies in the testimony of certain witnesses for the plaintiff.

2. SHIPPING—SAFETY OF GUESTS IN MOTORBOATS.

> One operating a motorboat has the duty to exercise reasonable care for the safety of his guests and to avoid exposing them unreasonably to danger by increasing the hazards of the method of travel being employed.

3. DEATH—NEGLIGENCE—QUESTION FOR JURY—EVIDENCE—MOTORBOAT OPERATOR.

> Evidence, in action under death act, presented question for jury as to negligence of defendant operator of motorboat, 17 feet long and 6 feet wide, powered with a 95-horsepower marine engine, on board which there were 7 persons, including a boy 9 or 10 years old, where there was testimony defendant was going up to 35 miles per hour before the accident and that he was starting to make a left turn when the boat capsized and plaintiff's decedent was drowned (CL 1948, § 691.581 *et seq.*).

Appeal from Oakland; Holland (H. Russel), J. Submitted January 11, 1957. (Docket No. 50, Calendar No. 46,860.) Decided April 22, 1957.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 886; 30 Am Jur, Judgments § 57.
[2] 38 Am Jur, Negligence § 17.
[3] 38 Am Jur, Negligence § 344 *et seq.*

Case of Estate of Stanley White, by its administrator, Lawrence McNally, against Edwin G. Beauchamp, brought under the death act for damages resulting from the capsizing of motorboat. Judgment for defendant notwithstanding verdict. Plaintiff appeals. Reversed and remanded for entry of judgment on verdict.

*Daniel Hodgman,* for plaintiff.

*Arthur W. Kollin,* for defendant.

CARR, J. This case has resulted from an unfortunate accident occurring June 22, 1952. At the time the defendant Beauchamp was the owner of a motorboat which he operated on Lake Orion in Oakland county. In the afternoon of the date mentioned he took a number of friends and acquaintances, including Stanley White, for a motorboat ride. Including defendant, who operated the boat, there were 7 people on board, 1 of them being a young boy 9 or 10 years of age. While engaged in the pastime indicated, the boat capsized and its occupants were thrown into the water. All were rescued, or saved themselves, with the exception of Stanley White. The record before us indicates that his death was the proximate result of the capsizing of the boat.

On the theory that the accident and consequent death of Stanley White resulted from negligence on the part of defendant, the administrator of decedent's estate brought action under the death act[*] to recover damages as specified in said statute, White leaving a widow and 1 young child. The declaration filed averred that the defendant "did operate and propel said motorboat in such a reckless and careless manner and at such a high rate of speed that he caused

[*] CL 1948, § 691.581 *et seq.* (Stat Ann 1955 Cum Supp § 27.711 *et seq.*).

the said boat to overturn, causing immediate death to the deceased." Defendant by answer denied negligence on his part, and the case was brought on for trial before a jury. At the conclusion of plaintiff's proofs, counsel for defendant moved for a directed verdict on the ground that the showing made was insufficient to establish a prima facie case of negligence on the part of the defendant. Said motion was taken under advisement at the time,* and was renewed following introduction of testimony on behalf of defendant. Determination was again reserved.* The case was submitted to the jury and a verdict returned in favor of the plaintiff in the sum of $6,320. Defendant's motion for judgment notwithstanding the verdict was granted. Claiming that the trial judge erred in entering such judgment, plaintiff has appealed.

The question at issue is whether the proofs submitted in support of plaintiff's claimed right to recover damages were sufficient to establish a prima facie case for consideration by the jury and to support the verdict rendered. This Court has in prior decisions recognized the rule that on appeal from a judgment for defendant notwithstanding the verdict of a jury the testimony must be viewed in the light most favorable to plaintiff. *Anderson* v. *Kearly,* 312 Mich 566; *Swartz* v. *Dahlquist,* 320 Mich 135; *Grover* v. *Simons,* 342 Mich 480. Such rule is applicable in the case at bar, notwithstanding inconsistencies in the testimony of certain witnesses for the plaintiff. *Yampolsky* v. *Smith,* 320 Mich 647.

The case was presented to the jury on the trial on the theory that defendant was guilty of negligence in the operation of his motorboat, that there was in consequence a failure to exercise due and proper care for the safety of decedent, and that the death

---

* See CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1955 Cum Supp § 27.1461 *et seq.*).—REPORTER.

of the latter was the proximate result of such negligence. By analogy we think the rule recognized in *Roy* v. *Kirn,* 208 Mich 571; and *Hemington* v. *Hemington,* 221 Mich 206, is applicable in the instant case. In accordance therewith the duty rested on defendant in the operation of his motorboat to exercise reasonable care for the safety of his guests, including Stanley White, and to avoid exposing them unreasonably to danger by increasing the hazards of the method of travel being employed. If defendant failed to observe that duty for the safety of decedent he was guilty of negligence.

Were the proofs introduced by plaintiff sufficient to require the question of defendant's negligence to be submitted to the jury? It is appellant's claim that this question must be answered affirmatively, that there was competent testimony indicating that defendant was operating his motorboat at the time of the accident at an excessive rate of speed under the circumstances, and that, while so doing, he undertook to make a sudden turn to the left. It is urged that the combination of speed with the act of turning resulted in the capsizing of the boat. As bearing on the care exercised by defendant in operating his boat plaintiff introduced the testimony of a witness familiar with Lake Orion and with the operation of motorboats, who indicated that in his opinion defendant's boat was overloaded. It may be noted in this connection that said boat was a standard Chris-Craft, about 17 feet in length and approximately 6 feet wide, having a 95-horsepower Chrysler marine engine.

The estimates of the witnesses who testified as to the speed of defendant's boat on the occasion in question varied greatly. Plaintiff's witness Walter Schreiber, whose testimony indicated that he had had some experience with motorboats, testified that he was in position to observe defendant's boat and that

in his opinion it was going between 30 and 35 miles per hour immediately prior to the accident. He also stated that the boat "seemed to turn and then it went up in the air and turned over." Mrs. Schreiber also had an opportunity to observe the occurrence, and stated positively that the boat started turning before it capsized. She was unable to estimate its speed, but did testify that it was making an unusually loud noise which she described as a "roar."

A deputy sheriff of the county, who investigated the accident, testified to a conversation with defendant shortly thereafter in which the latter stated that he had started to turn the boat when it capsized. As a witness in his own behalf on the trial, defendant admitted making the claimed statement to the deputy sheriff. However, he was uncertain whether or not such was actually the fact. He insisted further that he had reduced the speed of the boat prior to the accident, and was proceeding at the time approximately 2 or 3 miles per hour. He was unable to offer any explanation for the capsizing of the boat.

In *Calanchini* v. *Bliss,* 88 F2d 82, the circuit court of appeals of the ninth circuit affirmed a decree for plaintiff in a case analogous in some respects to the instant controversy. There the owner of a motorboat having a rated capacity of 10 people took it out in the open sea with 18 persons on board. The boat capsized, resulting in the death of 9 passengers. Suit was brought by the administrator on behalf of the estate of one of the victims of the accident. There was some testimony indicating that defendant was guilty of negligence in operating the boat, in that he permitted it to swerve in such a manner that a wave, striking it, overturned it. There, as here, the defendant denied liability, insisting that there was no fault on his part and that the accident was unavoidable. It was held that under the testimony

submitted to the trial court the finding of actionable negligence was permissible, and that, in consequence, the decree rendered should not be disturbed. The opinion in the case suggests the duties resting on the operator of a motorboat for the safety of his guest passengers.

Under the testimony in the case at bar we think that the plaintiff was entitled to have the disputed issues of fact submitted to the jury. The determination whether the accident happened in the manner and for the reasons claimed on behalf of plaintiff involved a finding as to which of the witnesses, if any, were correct in their statements as to the facts. It was for the jury to weigh the testimony of each witness and to determine therefrom the matters in dispute. It is apparent that in reaching the verdict in plaintiff's favor the jury concluded that defendant had failed to exercise proper care in the operation of the boat. The proofs were sufficient to support such finding. Under the instructions of the court the questions of contributory negligence and proximate cause were likewise determined in plaintiff's favor. Such determinations are not open to question. The motion for a directed verdict was, as before pointed out, based entirely on the claim that negligence on the part of defendant had not been shown.

The judgment in favor of defendant is reversed, and the cause remanded with directions to set it aside and to enter judgment on the verdict of the jury.

Dethmers, C. J., and Sharpe, Smith, Edwards, Voelker, Kelly, and Black, JJ., concurred.