865 F.2d 1268
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert McCALL, Sr., Plaintiff-Appellant,
v.
SEARS, ROEBUCK AND COMPANY, Defendant-Appellee.
 No. 88-1225.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1989.
 
 Before KEITH and KRUPANSKY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Robert McCall, Sr. (McCall), has appealed from the district court's order granting summary judgment in favor of the defendant-appellee, Sears, Roebuck & Co. (Sears). McCall initiated this action alleging that the negligent acts of Sears created an unsafe condition which resulted in a slip-and-fall accident that occurred on October 11, 1985. The facts essentially disclosed that a pink platform, approximately four feet square and twelve inches in height, was left unattended in the center of a public walkway in the Sears' department store. McCall, an invitee of the Sears' department store, stumbled over the platform and suffered serious bodily injuries.
 
 
 2
 Initially, it should be noted that, under Michigan law, contributory negligence is not a complete defense. Michigan has adopted the "pure" comparative negligence principle. Brisboy v. Fibreboard Corp., 429 Mich. 540, 418 N.W.2d 650 (1988); Placek v. Sterling Heights, 405 Mich. 638, 275 N.W.2d 511 (1979).
 
 
 3
 In the case at bar, the district court concluded, as a matter of law, that the platform over which McCall stumbled and fell was not an unsafe condition. A review of McCall's assignment of errors, the briefs of the parties and the oral arguments of counsel has demonstrated that the circumstances surrounding McCall's fall and resultant injuries constituted controversial issues of material fact.
 
 
 4
 Summary judgment should be entered only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The evidence must be viewed in a light most favorable to the party opposing summary judgment and that party must be given the benefit of all reasonable inferences." Potters Medical Center v. City Hosp. Ass'n., 800 F.2d 568, 572 (6th Cir.1986). In viewing the evidence in the light most favorable to McCall, it was error for the district court to conclude on a motion for summary judgment that a reasonable factfinder could not determine that the platform placed in the center of a public walkway in the store and left unattended was an unsafe condition. See Grover v. Simons, 342 Mich. 480, 70 N.W.2d 775 (1955); Nantico v. Matuszak, 322 Mich. 644, 34 N.W.2d 506 (1948). Accordingly, since there existed a genuine issue of material fact, the district court's grant of summary judgment is REVERSED and REMANDED.