FRARY *v.* GRAND RAPIDS TAXICAB CO.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In an action for personal injuries received when plaintiff was knocked down by defendant's taxicab going at least 25 miles an hour as he attempted to cross a 17-foot strip after alighting from a street car in the business district, where his view was obstructed by another car and a bend in the street, and his testimony shows that he looked and saw nothing coming before attempting to cross, the trial judge was in error in directing a verdict in favor of defendant.

2. SAME—SURROUNDING CONDITIONS TO BE CONSIDERED—DIRECTED VERDICT.

In determining the question as to whether plaintiff should, in the exercise of common prudence, have seen defendant's taxicab approaching, all the surrounding conditions are to be considered.

3. SAME—PROOFS MUST BE PLAIN TO WARRANT DIRECTED VERDICT.

Proof of plaintiff's negligence should be very plain before his conduct is declared to be negligent as a matter of law.

Error to Kent; Perkins (Willis B.), J. Submitted April 24, 1924. (Docket No. 40.) Decided June 2, 1924.

Case by Rufus F. Frary against the Grand Rapids Taxicab Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Irving H. Smith,* for appellant.

*J. T. & T. F. McAllister,* for appellee.

BIRD, J. Plaintiff, a man of 50 years, was employed at the Boston store in Grand Rapids. On the morn-

ing of January 9, 1922, he came to his work as usual on a Monroe avenue street car. At a regular stop, nearly in front of the Boston store, he alighted on the east side of the car, passed around the rear of the car, and looked to see if any traffic was liable to interfere with his crossing to the west curb. He could see only a short distance because of another car which stood on the west track. He proceeded to the west rail of the west track and looked again, but saw nothing by reason of the car and the curve in the track. He was then 17 feet from the west curb. He started across, and before he had gone half that distance he was struck by a taxicab going at least 25 miles an hour. He was knocked down by the impact and quite seriously injured. At the conclusion of the testimony the trial court, upon motion, directed a verdict for defendant, on the ground that plaintiff was guilty of contributory negligence, as a matter of law. The sole question raised by plaintiff on this record is whether the trial court was justified in so doing.

When plaintiff alighted, passed around the rear of the car, and looked to the north before crossing the west track, he was, without doubt, exercising reasonable care. When he crossed the west track and looked north again he appears to have been as cautious as the average man. When he saw nothing and proceeded to go across the 17-foot strip to the west curb he appears to have done what the average prudent man would have done. If he saw no vehicle approaching he would certainly be in the exercise of ordinary care in attempting to cross the 17-foot strip. The question then arises whether he could and ought, in the exercise of common prudence, to have seen defendant's taxicab approaching. In determining this question the surrounding conditions are to be considered. Just to the north of the car, upon which he arrived, stood another car on the west track. This car interfered with his view to the north. This view

was made more difficult by the curve in the street. In view of these conditions it is quite evident that an approaching vehicle could get within a short distance of him before it would be observable. As plaintiff stood at the west rail with no vehicle in sight he would, indeed, have been overly cautious had he not attempted to cross the 17-foot strip. As plaintiff stood at the west rail with no vehicle in sight he had a right to assume that no vehicle traveling 25 miles an hour would emerge from around the curve and the west car and run him down, and if, perchance, a car should appear, traveling 25 miles an hour in the business district, he had a right to assume that it would give some timely warning of its approach, and yet no warning was given except the sound of the motor. Plaintiff further had the right to assume that if no vehicle was in sight when he started across he could be at the west curb before a vehicle traveling the ordinary and legal rate of speed in the business district could reach him. These considerations are made based upon plaintiff's case. Now, whether plaintiff used ordinary care to observe the approaching vehicle, whether he had ample time to avoid defendant's vehicle if he had been watchful, and whether his conduct under all the conditions from the time he left his car until he was struck was that of an ordinarily careful and prudent man are questions of fact and should have been submitted to the jury.

Defendant argues that if this case is tested by *Tolmie* v. *Taxicab Co.*, 178 Mich. 426, it was rightly settled. We do not agree with counsel. The plaintiff in that case had a good view for half a mile down Jefferson avenue. In this case the view was restricted. In that case plaintiff was not watchful. The plaintiff, in this case, was. The companions of plaintiff in that case observed the danger and avoided it. Plaintiff in this case did not have the benefit of a companion's observation. In cases of this character

it should be made very plain by the proofs that the conduct of the plaintiff was negligent before his conduct is declared to be negligent as a matter of law.

The judgment is reversed and a new trial ordered. Plaintiff will recover his costs in this court.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.