ROGERS *v.* GRAND TRUNK WESTERN RAILROAD CO.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

On plaintiff's appeal from directed verdict for defendant the testimony must be considered in the light most favorable to plaintiff.

2. RAILROADS — AUTOMOBILES — CROSSING ACCIDENT — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether motorist who had stopped before reaching first track of four-track railroad crossing and whose view to right was obstructed by cars on first two tracks was guilty of contributory negligence in proceeding to cross remaining tracks at speed of 15 to 20 miles an hour *held*, a question for jury, where evidence shows a man having appearance of a crossing tender to have been standing between second and third tracks, at a place where he could see oncoming engine, waving his hands in such a manner as to cause motorists ahead of plaintiff to proceed each way over crossing and although plaintiff looked and listened he neither saw nor heard switch engine approach from right on third track until he was in a place of danger whereupon he collided with engine after he had turned left in an unsuccessful effort to avoid accident.

3. SAME—CROSSING—DUE CARE.

Special conditions may change the duty of one about to cross railroad tracks to look and listen for railroad trains from a standard of conduct to an element of care to be weighed by a jury.

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION OF LAW OR FACT.

Whether the matter of contributory negligence of a motorist who collides with a switch engine is a question of law for the court or one of fact for the jury depends upon the circumstances of the particular case.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

The question of plaintiff's contributory negligence should be submitted to the jury when the testimony is conflicting or

where candid and intelligent men might reach different conclusions upon the question.

6. Same—Different Inferences—Question for Jury.
   Even if there were no conflict in the testimony, if different inferences might reasonably be drawn as to its import, the question as to whether there was negligence would still be for the jury.

Appeal from Clinton; Searl (Kelly S.), J. Submitted April 5, 1939. (Docket No. 23, Calendar No. 40,392.) Decided June 22, 1939.

Case by Louis Rogers against Grand Trunk Western Railroad Company for injuries sustained when automobile in which he was riding was struck by defendant's train. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*Leo Gottfurcht,* for plaintiff.

*H. V. Spike* and *Edward W. Fehling,* for defendant.

North, J. On October 25, 1935, in the late afternoon, plaintiff was proceeding in a southerly direction in his automobile on Elm street in the city of Battle Creek, and while crossing defendant's railway tracks he was struck by an eastbound switch engine and seriously injured. Trial was by jury. At the close of plaintiff's case, defendant had a directed verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law. He has appealed.

The trial court was of the opinion that a question of fact was presented as to defendant's negligence. The sole question for review arises from the trial court's finding as a matter of law that plaintiff was

guilty of contributory negligence. On this review the testimony must be considered in the light most favorable to plaintiff. *Day* v. *Railway Co.*, 252 Mich. 589. So considered we make a brief statement of the facts bearing upon plaintiff's contributory negligence.

At the Elm street crossing defendant has four tracks extending in an easterly and westerly direction intersecting the street substantially at right angles. As plaintiff approached the crossing from the north he stopped his automobile. He observed an auto just ahead of him which also had stopped. Other automobiles headed north were standing just south of the crossing. On the east side of the street there was a railroad shanty adjacent to defendant's tracks. To the west of plaintiff some considerable distance a pullman car and a coach stood on the northerly one of defendant's four tracks. While plaintiff's automobile was standing 25 or 30 feet north of the northerly track, a freight train consisting of seven or eight cars passed westerly on the track next south of the most northerly track. This train stopped about five feet west of the sidewalk on the west side of Elm street. The distance between track No. 2, where the freight train stood, and track No. 3, next south, is 15 to 18 feet. After the freight cars passed westerly, plaintiff saw a man, standing between track No. 2 and No. 3, waving his arms in such a manner as might be considered a "come on" signal for the automobile traffic. This man wore overalls, a jacket of like material, and a cap. After this man gave the signal by waving his arms, the automobile standing in front of plaintiff proceeded across defendant's tracks and the automobile standing south of the crossing proceeded north across the tracks. Plaintiff looked and listened but neither saw

nor heard any evidence of a train approaching from the west. He proceeded to cross defendant's tracks with his automobile in second gear and going 15 to 20 miles per hour. His view to the west was obstructed by the pullman and coach standing on track No. 1 and also by the freight cars standing on track No. 2, just west of the crossing. When passing the east end of the standing train plaintiff could see past the most easterly box car about 20 feet west along track No. 3. At this point plaintiff again looked west and then for the first time discovered defendant's switch engine close upon him coming from the west. There was no warning of its approach either by use of a headlight or by sounding a bell or whistle. Immediately upon seeing the approaching engine plaintiff turned his automobile sharply to the left, as much as possible; but the locomotive collided with the right side of plaintiff's automobile just back of the center and dragged it upwards of 100 feet in an easterly direction along the track. Serious damages resulted to plaintiff and his automobile.

Plaintiff was reasonably familiar with the Elm street crossing. He had driven over it a dozen times within two and a half years. The record does not disclose that this is a protected crossing, and there is no direct testimony tending to show that the man who gave the signal for the automobiles to proceed across the tracks was defendant's employee. However, because of his appearance and conduct in directing traffic, plaintiff seems to have assumed this man was acting as a crossing tender for defendant. While plaintiff did not testify that he relied upon the signal of the man standing between the tracks, a jury might reasonably have drawn such a conclusion from the testimony as to attending circumstances. There is testimony that when proceeding

at 15 miles an hour, plaintiff required 18 feet in which to stop his automobile. After fully passing the tracks on which the freight cars stood plaintiff had a clear view to the west along track No. 3 for a distance of 500 feet, but by the time plaintiff was so situated he was in a place of extreme danger. The front of his automobile was considerably less than 18 feet from the track on which defendant's switch engine was approaching.

In view of all these attending circumstances it was a question of fact as to whether plaintiff was driving at an excessive rate of speed or otherwise guilty of negligence in attempting to cross. *Nichols* v. *Railway Co.*, 203 Mich. 372. Concerning the necessity of looking and listening before crossing the railroad tracks, we have said:

"Special conditions, however, may change the duty from a standard of conduct to an element of care to be weighed by a jury." *Ackerman* v. *Railroad Co.*, 249 Mich. 693.

See, also, *Pokora* v. *Railway Co.*, 292 U. S. 98 (54 Sup. Ct. 580, 91 A. L. R. 1049).

"But whether contributory negligence is a question of law for the court or one of fact for the jury depends upon the circumstances of the particular case." *Lockett* v. *Railroad Co.*, 272 Mich. 219, 223.

"The question of plaintiff's contributory negligence should be submitted to the jury when the testimony is conflicting or where candid and intelligent men might reach different conclusions upon the question." *Amanta* v. *Railroad Co.*, 177 Mich. 280, 285.

See, also, *Helber* v. *Harkins,* 210 Mich. 580.

"Even if there were no conflict in the testimony, if different inferences might reasonably be drawn as to

its import, the question as to whether there was negligence would still be for the jury." *Woods* v. *Chalmers Motor Co.* (syllabus), 207 Mich. 556 (19 N. C. C. A. 932).

Appellee stresses the similarity of the facts in *Richman* v. *Railway Co.,* 254 Mich. 607, wherein the plaintiff was held as a matter of law to have been guilty of contributory negligence notwithstanding he was signaled to cross the railroad tracks by a man who came out of a caboose standing on a parallel track. But we think there is a material difference between the factual situation presented in that case and in the instant case. Here the man who gave the signal for waiting automobiles to proceed had the appearance of one discharging the duties of a crossing tender, and he was in a position to make the necessary observations as to whether it was safe for plaintiff and other waiting auto drivers to proceed. Those standing south of the tracks seemingly could observe for themselves and they proceeded over the crossing as did the automobile just ahead of plaintiff. This crossing was substantially at right angles with defendant's tracks and plaintiff's range of vision was obstructed until he was in a place of danger. But in the *Richman Case* it is noted there was little or no room for an assumption that the man who gave the signal was defendant's employee, and it was obvious to Richman that this man could not know whether a train was approaching, as was the one that collided with Richman's automobile. We said:

"The plaintiff stopped his car, and as he looked and listened, a man came out of the rear door of the caboose, descended to the ground from the west side of the train (the approaching train was east of the caboose), motioned and called out to plaintiff, 'Come

on.' The testimony does not show that the man had any lantern, wore a cap, uniform, or other insignia of a railroad employee. * * * The man who came out of the caboose had his back turned to the more easterly tracks, and his statement indicated that the train with the caboose had come to a standstill. * * * The headlights of the (plaintiff's) car were turned partly in the direction from which the train was coming. * * * If he (plaintiff) had looked he would necessarily have seen the approaching train.''

In the *Richman Case,* because of the obtuse angle at which plaintiff was crossing the railroad tracks, there was better opportunity to make a precautionary observation than in the instant case. And in that case there was no showing that autoists, who presumably had opportunity to observe in the direction of the approaching train, proceeded across the tracks, a circumstance which in the instant case gave plaintiff additional assurance that he too might proceed in safety.

Other cases cited and relied upon by appellee are so clearly distinguishable from the present case that we will not review them in detail. In general it may be said they differ in one or both of the following important factual particulars. Either there was no showing of an affirmative invitation to proceed across the tracks by one who appeared to be guarding the crossing, or the view of the one crossing was not obstructed to anything like the degree disclosed in the instant case. Under the facts presented by this record it was a question for the jury as to whether in attempting to drive across defendant's tracks plaintiff exercised the care and caution that a reasonably prudent and careful man would have exercised under like circumstances. There was error in holding that plaintiff herein was guilty of contributory negligence as a matter of law.

The judgment entered is reversed and the case remanded to the circuit court for a new trial. Appellant will have costs of this court.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.