VUKICH *v.* CITY OF DETROIT.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
On appeal from a directed verdict for defendant, the facts and all inferences therefrom must be construed most favorably for plaintiff.

2. SAME—PROXIMATE CAUSE—QUESTION FOR JURY.
Although the Supreme Court might be in accord with the conclusion of a trial judge as to the improbability that a collision

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 3 Am Jur, Appeal and Error, §§ 886, 944, 945, 1135.
[2, 4] 5 Am Jur, Automobiles, § 667.
[3] 5 Am Jur, Automobiles, §§ 431, 715.
[3] Rights and duties at intersection of arterial (or other favored) highway and nonfavored highway.  81 ALR 185.
[3] Right of way at street or highway intersections as dependent upon, or independent of, care or negligence.  89 ALR 838.
[4] 5 Am Jur, Automobiles, § 668.
[5] 39 Am Jur, New Trial, § 217.

of motor vehicles at an intersection took place in the manner as testified to by plaintiff, where there is a possibility of reconciling the physical facts with the testimony of plaintiff, considered in the light most favorable to him, a question is presented for the jury.

3. AUTOMOBILES — STOPPING — INTERSECTIONS — PROXIMATE CAUSE —CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where northbound plaintiff motorist claims to have stopped before entering through street at 5 a.m., and saw defendant's bus a block to the east and apparently proceeding at 20 to 25 miles per hour, that upon determining it was safe to do so plaintiff proceeded across the intersection, that bus was 100 feet away when plaintiff was in the center of the intersection and had doubled its speed and collided with plaintiff's car after it was completely across the intersection, plaintiff was not guilty of contributory negligence as a matter of law.

4. NEGLIGENCE—PROXIMATE CAUSE—QUESTION FOR JURY.

A showing of a possibility, even though not a probability, that an accident occurred in the manner described by a plaintiff is sufficient to raise a question of fact thereupon for the jury.

5. NEW TRIAL—EVIDENCE—IMPEACHMENT.

A party who has been granted a new trial is entitled to a retrial, completely free from any reference to evidence entered in the former trial, except as properly introduced for impeachment.

Appeal from Wayne; Miller (Guy A.), J.    Submitted June 14, 1949.    (Docket No. 42, Calendar No. 44,456.)   Decided October 10, 1949.

Case by John Vukich and another against City of Detroit (Department of Street Railways) for injuries suffered when automobile he was driving was hit by defendant's bus.   Judgment for defendant.   Plaintiffs appeal.   Reversed and new trial ordered.

*Charles. F. Meyler (Ralph K. Panzer and Paul H. Rieker,* of counsel), for plaintiffs.

*Leo A. Sullivan (A. Albert Bonczak,* of counsel), for defendant.

BUTZEL, J. In the case of *Vukich* v. *City of Detroit*, reported in 318 Mich 515, the jury rendered a verdict in favor of defendant. We reversed the judgment because of erroneous charge, et cetera, and granted a new trial. We refer to the report of the former case for many of the salient facts in the instant case.

However, it might be added that the plaintiff testified in the instant case that he had been out all night with his wife, first attending a dance in Detroit until 2 or 2:30 a.m., that they then drove to a friend's house in Dearborn where they had lunch including a glass of beer and then proceeded toward home; that it was still dark at 5 a.m. at which time he was driving in a northerly direction on Chase road and had reached the intersection of Tireman avenue in the city of Detroit. He claims he stopped on the south side of the intersection of Tireman avenue before proceeding north on Hubbell avenue (which is an extension of Chase road north of Tireman avenue); that when he stopped he observed defendant's bus, owned and operated by the department of street railways, a block to the east, and that he estimated that it was proceeding at the rate of from 20 to 25 miles per hour. Vukich claims that he determined he had time to cross the intersection safely and he thereupon started across Tireman avenue; that when he had reached the center of the avenue he noticed the bus was now only about 100 feet away and that it had doubled its speed; and that he had completely crossed the intersection when the bus collided with his car. Other facts are detailed in the former opinion. Fellow passengers of Vukich were all asleep so that there were no other witnesses to the accident.

In directing a verdict of no cause of action, the trial judge dwelt largely on Vukich's credibility and referred to his testimony at the former trial of

the case. The testimony, however, was not introduced in the instant case. The trial judge held that the physical facts could not be reconciled with the testimony of Vukich and therefore there was no showing of negligence on the part of the defendant. Plaintiff has appealed from the verdict directed in favor of defendant. The physical facts largely favor defendant, but we cannot say that it was not possible for the accident to have occurred in the manner described by Vukich.

The facts and all inferences therefrom must be construed most favorably for plaintiff on appeal from a directed verdict, *Dasovich* v. *Longacre,* 324 Mich 62. Although we may be in accord with the trial judge as to the improbability of the accident occurring as testified to by plaintiff, this is primarily a question of fact for the jury, and there may be a possibility of reconciling the physical facts with the testimony of plaintiff, considered in the light most favorable to him. Defendant also contends that the verdict was properly directed in its favor as plaintiff was guilty of contributory negligence as a matter of law in not making a proper observation or judgment as to his ability to cross the intersection ahead of the bus. Defendant mainly relies on the statements of law made in the recent case of *McDonald* v. *Skornia,* 322 Mich 370, and the cases cited therein, in which the Court fully reviewed the applicable law. However, the testimony of Vukich, construed most favorably for him, distinguishes the facts of the instant case from the facts of the above cases. The trial judge did not pass on this question in directing the verdict. We are unable to say on this record that the plaintiff was guilty of contributory negligence as a matter of law.

Defendant also relies on the impossibility of the accident occurring as testified to by the plaintiff. These are proper arguments to the jury, not to the

court. A discussion of the physical facts would not be of any benefit inasmuch as a showing of the possibility, even though not a probability, that the accident occurred in the manner described by Vukich is sufficient to raise a question of fact for the jury. *Wright* v. *Barron*, 318 Mich 409.

How far the court was influenced by plaintiff's testimony at the former trial we are unable to state. Plaintiff was entitled to a retrial of the case, completely free from any reference to evidence entered in the former trial, except as properly introduced for impeachment. *Bathke* v. *City of Traverse City*, 308 Mich 1.

The judgment for defendant is reversed, with costs to plaintiff, and a new trial ordered.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.