### GREENBERG v. GREENBERG.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   Evidence must be viewed in the light most favorable to plaintiff on appeal from directed verdict for defendant.

2. AUTOMOBILES — NEGLIGENCE — OBSERVATION FOR PEDESTRIANS — SPEED.
   Evidence presented question for jury as to whether defendant motorist was guilty of negligence, where she stated that she had not seen plaintiff pedestrian before striking her, that defendant swerved to left in an attempt to avoid the injury and testimony shows she was driving 25 miles an hour without keeping a proper outlook for other traffic, particularly for pedestrians who might be attempting to cross the street at the intersection.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 945.
[2] 5 Am Jur, Automobiles § 675.
[3, 6, 7] 5 Am Jur, Automobiles §§ 166–168, 187.
[3, 6, 7] When automobile is under control. 28 ALR 952.
Liability for injury to pedestrian struck by automobile as affected by speed. 67 ALR 105; 93 ALR 558.
[4] 5 Am Jur, Automobiles §§ 489–491.
[5] 5 Am Jur, Automobiles § 667; 53 Am Jur, Trial §.299.

3. SAME—PEDESTRIANS—OBSERVATION AT STREET CROSSINGS.
   Drivers must anticipate the presence of pedestrians at street crossings and, when they so drive that they cannot see whether the crossing is clear, they must have their cars under such control as to meet conditions which may be reasonably expected.

4. NEGLIGENCE—SUBSEQUENT NEGLIGENCE—PLAINTIFF'S CONTINUING CONTRIBUTORY NEGLIGENCE.
   The doctrine of subsequent negligence is inapplicable, where plaintiff's contributory negligence, if any, continues up to the time of occurrence of the accident.

5. TRIAL—INCONSISTENT PROOFS—QUESTION FOR JURY.
   The fact that plaintiff's testimony in a case was inconsistent with proofs by which her testimony was sought to be impeached does not bar her right to have the case submitted to the jury on the basis of her claim.

6. AUTOMOBILES—CHANGE OF COURSE—PEDESTRIANS—ANTICIPATED ACTION.
   Whether or not southbound motorist's change of course of automobile while crossing east and west street on south side of which plaintiff, an eastbound pedestrian, was starting across was an action which plaintiff was not bound to anticipate *held,* a question for jury under the circumstances, where no apparent reason prompted such change of course.

7. SAME—PEDESTRIANS—CROSSING STREETS—ANTICIPATED ACTION.
   Pedestrians have the right to cross the street at street crossings even on a through street and are not required to anticipate that drivers will violate ordinances, statutes or rules of safety.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 11, 1953. (Docket No. 60, Calendar No. 45,716.) Decided October 5, 1953.

Case by Nellie Greenberg against Phyllis Florence Greenberg for personal injuries suffered when she was struck by defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Lipshy & Cohen (I. Goodman Cohen,* of counsel)', for plaintiff.

*Lowell C. Stellberger* and *Leo J. LaPorte,* for defendant.

CARR, J. This case has resulted from a traffic accident occurring in the city of Detroit on April 15, 1950, at approximately 2 o'clock in the afternoon. At the time plaintiff was undertaking to walk across 14th street on the south side of Sturtevant, in an easterly direction. She was struck by defendant's automobile at or near the southwest corner of the intersection, and sustained serious injuries. It was her claim on the trial that defendant was guilty of negligence constituting the proximate cause of the accident, and that there was no contributory negligence on her part.

At the conclusion of plaintiff's proofs on the trial before a jury the court, on motion, directed a verdict for the defendant. The trial judge indicated that in his opinion the negligence of the defendant was an issue of fact. After discussing the testimony at some length, however, he came to the conclusion that plaintiff was some 6 or 7 feet from the curb at the time she was struck by defendant's automobile and that she was guilty of negligence contributing to the accident. Accordingly, he granted the motion. Plaintiff has appealed, claiming that the issues as to the negligence of the parties should have been submitted to the jury.

In determining the matters raised on the appeal, it must be borne in mind that the evidence is to be viewed in the light most favorable to plaintiff. *Lane v. B & J Theatres, Inc.,* 314 Mich 666; *Dasovich v. Longacre,* 324 Mich 62. Testimony was introduced from which the jury might well have found that defendant was guilty of negligence in the operation

of her car. She was called by plaintiff for cross-examination and stated in substance that she had not seen plaintiff before striking her, that plaintiff suddenly loomed in front of the automobile, and that defendant swerved to the left in an attempt to avoid the injury. A police officer who arrived on the scene shortly after the accident testified that defendant made statements to him of a like nature, and that she further stated that she was driving 25 miles per hour at the time. The testimony was sufficient to support a finding that defendant was not keeping a reasonable and proper outlook for other traffic, and particularly for pedestrians who might be attempting to cross 14th street at the intersection. Whether, under the circumstances, she was driving too fast for safety may also be regarded under the proofs as a question for the jury.

In *Guina* v. *Harrod,* 275 Mich 393, 395, it was said:

"Drivers must anticipate the presence of pedestrians at street crossings and, when they so drive that they cannot see whether the crossing is clear, they must have their cars under such control as to meet conditions which may be reasonably expected. Defendant was negligent in approaching the crossing without proper control of the car in view of his inability to see conditions at the crossing."

In the instant case defendant, had she been observing a careful and reasonable outlook in the operation of her car, would have discovered plaintiff's presence. The combination of such lack of attention and the rate of speed at which she was driving made the issue of her negligence one of fact for the jury. *Clark* v. *Naufel,* 328 Mich 249.

Appellant contends that the trial court should have submitted the case to the jury on the question of subsequent negligence. With such claim we are unable to agree. If plaintiff was guilty of negligence

contributing to the accident, the conclusion cannot be avoided that such negligence continued up to the time that the accident occurred. Under such circumstances the doctrine of subsequent negligence is not applicable. *Gibbard* v. *Cursan,* 225 Mich 311; *Howell* v. *Hakes,* 251 Mich 372; *Conant* v. *Bosworth,* 332 Mich 51.

Was plaintiff guilty of contributory negligence as a matter of law, barring her right to recover damages from the defendant? On the trial of the case plaintiff, testifying as a witness in her own behalf, stated that as she reached the curb on the southwest corner of 14th and Sturtevant she stopped and looked to the north for approaching traffic. She saw defendant's car approximately 1-1/2 blocks distant. She then stepped off the curb a distance of 1 or 2 feet and looked to her right, observing traffic approaching from the south, the nearest car being approximately 1 block away. She then looked to her left and again saw defendant's car, approximately 1/2 block distant and traveling at a rate that plaintiff considered "pretty fast." It was plaintiff's claim that she did not undertake to advance but waited where she was standing, a foot or 2 from the curb, for traffic to clear. She claimed that she made a further observation to her left, that defendant's automobile was then approximately in the center of Sturtevant street, that previously it had been proceeding in proximity to the center line of 14th, but that, as plaintiff last observed it, defendant had veered to the right, that is, towards the curb. Confronted by this situation, as she claimed, plaintiff was unable to avoid being struck, stating:

"I couldn't do anything. I got so excited and frightened—she hit me."

A witness for plaintiff who was driving his automobile in a northerly direction on 14th street gave

testimony to the effect that at the moment of the impact plaintiff was approximately 6 feet from the curb and was standing still. Other testimony in the case indicated that following the accident a pool of blood was found a short distance south of the crosswalk and approximately 2-1/2 feet from the curb on the west side of 14th. Obviously such proof is at variance with the testimony of the plaintiff that she was standing 1 or 2 feet from the curb at the time the automobile hit her. It is argued in her behalf, in substance, that she was entitled to have the jury determine whether her version of the occurrence was correct, and, likewise, whether she was justified in believing, as she claimed, that she could stand with safety 1 or 2 feet from the curb. It should be further noted in this connection that the weather was clear, and that there was nothing to prevent defendant, as she approached and drove through the intersection, from observing plaintiff. Plaintiff also claimed that an automobile was parked on the west side of 14th approximately 20 feet south of the crosswalk, and that the proximity of such vehicle added to her feeling of safety. She was at the time 50 years of age and in good health.

The fact that plaintiff's testimony was inconsistent with other proofs in the case did not bar her right to have the case submitted to the jury on the basis of her claim. The following statement in the opinion in *Vukich* v. *City of Detroit,* 325 Mich 644, 647, is applicable here:

"Although we may be in accord with the trial judge as to the improbability of the accident occurring as testified to by plaintiff, this is primarily a question of fact for the jury, and there may be a possibility of reconciling the physical facts with the testimony of plaintiff, considered in the light most favorable to him."

If, as plaintiff testified, defendant altered the course of her automobile while crossing Sturtevant so as to approach the curb on the west side of 14th, such act, not being prompted by any apparent reason therefor, was of such character that plaintiff was not bound to anticipate it. In *Guina* v. *Harrod, supra,* it was said:

"Pedestrians have the right to cross the street at street crossings even on a through street. They are not required to anticipate that drivers will violate ordinances, statutes or rules of safety."

See, also, *Lapachin* v. *Standard Oil Co.,* 268 Mich 477; *Marth* v. *Lambert,* 290 Mich 557; *Dasovich* v. *Longacre, supra; Staunton* v. *City of Detroit,* 329 Mich 516.

Under the record in the case the issues raised by the proofs should have been submitted to the jury. It cannot be said, in view of plaintiff's testimony, that she was guilty of negligence as a matter of law. A jury might conclude that her claim as to where she was standing at the time she was struck was correct, that she was not negligent in believing that she was safe while so standing, and that her failure to avoid defendant's car after she noted that it had changed its course was not negligence in view of the brief interval elapsing between the observation and the impact.

The judgment entered in defendant's favor on the directed verdict is reversed, and the cause remanded for a new trial. Appellant may have costs.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.