CLARK *v.* SHEFFERLY.

AUTOMOBILES—TAXICABS—ICE-COVERED STREET—PASSENGER'S HAND ON DOOR.

Verdict and judgment for passenger against operator and owner of taxicab which had stopped in middle of ice-covered street instead of at curb when destination had been reached and which had been set in motion while hand of alighting plaintiff rested on the opened door of the cab with injury resulting is affirmed.

Appeal from Wayne; Bohn (Theodore R.), J. Submitted June 6, 1956. (Docket No. 12, Calendar No. 46,793.) Decided September 4, 1956. Rehearing denied December 4, 1956.

Case by Abraham Clark against Henry Shefferly and Abe Nabato in Detroit common pleas court for damages for injuries sustained while taxicab pas-

REFERENCES FOR POINTS IN HEADNOTES
37 Am Jur, Motor Transportation §§ 154–157.

senger. Verdict and judgment for plaintiff sustained on appeal to circuit court. Defendant appeals. Affirmed.

*A. Lewis Fineberg* and *Gabriel Cohn* (*Robert D. Anspach*, of counsel), for plaintiff.

*Edward N. Barnard*, for defendants.

BLACK, J. This negligence case was tried to court and jury in Detroit common pleas. Verdict and judgment for plaintiff in the sum of $1,133.33 resulted in appeal to and affirmance by the Wayne circuit court. Defendants appeal to us for reversal of such affirming judgment.

The circuit judge, by careful opinion, assembled the facts and declared his decision on appeal as follows:

"Plaintiff boarded and became a passenger in defendants' cab at about 6 a.m. on February 12, 1955. He entered the cab in the vicinity of Adams and St. Antoine and directed the driver to take him to 2355 Fullerton avenue in the same city. It was a dark night and it had been snowing. There was ice on the streets. When the cab arrived at the Fullerton destination, plaintiff paid his fare while still in the cab and opened the right-rear door and started to get out of the cab.

"The plaintiff then testified to the happening of the accident as follows:

" 'I got out of the cab right into the street. I had my left hand on the door and the cab started moving and then he caused me to slip and grab with the right hand and the door closed on that small finger (indicating), and then I hollered ever since. He didn't hear me. He increased his speed at the time when the door snatched the finger off.

" '*Q.* (*By Fineberg, continuing*): Did the driver stop?

" '*A.* Well, I had to run and I was hollering and running; he finally stopped on LaSalle.'

"The plaintiff's small finger on this right hand was injured. The defendant, Nabato, who was driving the cab, took the plaintiff to the Highland Park General Hospital. The plaintiff had 2 operations on his finger which entailed grafting. He was unemployed for 3 weeks and 2 days. The hospital bill was $247, and the doctor bill was $140.

"At the conclusion of plaintiff's proofs, the defendants made a motion for no cause for action, which was denied. The case went to the jury, and the jury returned a verdict of $1,133.33 against both defendants. The defendants appealed.

"The defendants cited the cases of *McIntyre* v. *Kunsky Theatres Corporation,* 256 Mich 634; *Camp* v. *Spring,* 241 Mich 700; *Abent* v. *Michigan Cab Company,* 279 Mich 617; *Kerr* v. *City of Detroit,* 255 Mich 446, in support of their appeal. In each of those cases the plaintiff was found to be guilty of contributory negligence. Plaintiff having placed his fingers or hand in the jam of the door, which was a dangerous position, was found to be the negligence. In the *Abent Case, supra,* the Court stated (p 618) :

" 'Ordinarily a door jamb or crack is no place for finger.'

"However, the facts in the present case are in no way similar to those cases cited. Plaintiff hired a taxicab to take him to his destination. The cab driver, when he arrived at his passenger's destination, stopped the cab in the center of the street instead of at the curb. It was dark and the street was icy and slippery. Plaintiff paid his fare and started to alight. He placed his left hand on the door of the cab and as he stepped down the cab started moving. The movement of the cab caused him to slip and he grabbed the edge of the door with his right hand. The door closed on plaintiff's right hand, causing the injuries to the little finger.

"The negligence of the defendant in starting up his cab before the plaintiff had alighted and reached

a place of safety was the proximate cause of the accident. The plaintiff was not guilty of any contributory negligence. Taxicabs are common carriers and as such owe a high degree of care to the passengers."

*First:* The initial question is fairly disclosed in the circuit judge's aforesaid ruling. He rightly appraised as inapplicable the cases cited by defendants and found that they afforded no ground for direction of a verdict. This is a simple case of averred negligence and freedom from contributory negligence presenting questions of fact only on the proof, and it is controlled so far as right to a directed verdict is concerned by common-law rules given in *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99.* The jury was entitled to find in accordance with plaintiff's theory and favorably-viewed testimony that the cab driver should have delayed his start until plaintiff, whose left hand rested on the opened door of the cab, was safely clear of the cab. It, the jury, was likewise entitled to find from such testimony that the cab driver could and should have perceived, considering slippery condition of the pavement and the fact of the open door, that plaintiff was momentarily steadying himself by such means

*Beyond casual mention from time to time ending in 1942 (*Pulford* v. *Mouw,* 279 Mich 376 at page 381; *Potter* v. *Felician Sisters Home for Orphans,* 281 Mich 101 at page 105; *Ashworth* v. *City of Detroit,* 293 Mich 397 at page 400; *Grummel* v. *Decker,* 294 Mich 71 at page 75; *Stephens* v. *Koprowski,* 295 Mich 213 at page 216; *Strong* v. *Kittenger,* 300 Mich 126 at page 135) our cases disclose that *Van Steinburg's* widely quoted rules have been disregarded or overlooked in recent years and that the last occasion of direct reliance thereon dates back to 1937. In *Thompson* v. *Michigan Cab Co.,* 279 Mich 370, 375, 376, our predecessors said:

"The Michigan case cited in the foregoing authority (*Van Steinburg* quoted in *Sioux City & Pacific R. Co.* v. *Stout,* 84 US 657, 665 [21 L ed 745]) was written long ago by a distinguished member of this Court, who devoted much of his opinion to a discussion of the question: When is a trial court warranted in instructing a jury that the plaintiff was guilty of negligence? The law, as therein stated by Mr. Justice COOLEY, has been so generally cited and quoted that we forebear from further repetition." ·

and might be injured by immediate forward movement of the cab. Indeed, it cannot be seriously questioned that the proof when favorably viewed discloses causal negligence on the part of the cab driver.*

So the real question in the case is the issue of contributory negligence. When we undertake to test a motion for direction of verdict addressed to contributory negligence, our duty is to judge the plaintiff's conduct, not alone by what he did or did not do, but by the conjoining facts pertaining to conduct of his adversary litigant. Mr. Justice Cooley picks up from here. I quote as follows from pp 118, 119 of report in the *Van Steinburg Case:*

"Negligence, as I understand it, consists in a want of that reasonable care which would be exercised by a person of ordinary prudence under all the existing circumstances, in view of the probable danger of injury. The injury is, therefore, one which must take into consideration all these circumstances, and it must measure the prudence of the party's conduct by a standard of behavior likely to have been adopted by other persons of common prudence. Moreover, if the danger depends at all upon the action of any other person under a given set of circumstances *the prudence of the party injured must be estimated in view of what he had a right to expect from such other person,* and he is not to be considered blamable if the injury has resulted from the action of another which he could not reasonably have anticipated. *Thus the problem is complicated by the necessity of taking into account the 2 sets of circumstances affecting the conduct of different persons,* and is only to be satisfactorily solved by the jury placing themselves in the position of the injured person, and ex-

---

* For a striking duplicate of this case, see *Jordan* v. *Marsee* (Ky), 256 SW2d 25. See, also, annotation "Liability for injury to hand in vehicle door," 34 ALR2d 1172, and annotator's note (same page) respecting higher degree of care owing by bus or taxi carriers.

amining those circumstances as they then presented themselves to him, and from that standpoint judging whether he was guilty of negligence or not. *It is evident that such a problem can not usually be one upon which the law can pronounce a definite sentence, and that it must be left to the sifting and determination of a jury."* (Emphasis mine.)

*Van Steinburg* gives us the very cynosure to the law of contributory negligence as originally adopted in this State. When we return to its course, much of our present difficulty with questions of law and fact assigned to contributory negligence will automatically disappear. Probably no Michigan case has been cited more universally, and followed with greater reverence, by the courts of the respective States and the courts of the United States, than *Van Steinburg.* It will do us no harm to partake again of its nourishment.

*Second:* Defendants challenge the form of the jury's verdict and insist, in view of the following colloquy and on strength of *McCormick* v. *Hawkins,* 169 Mich 641, that the jury should have received further instruction with direction of continued deliberation:

*"The Court:* Members of the jury have you agreed upon a verdict; and if so, who will speak?
*"The Foreman:* Yes, we have.
*"The Court:* How do you find?
*"The Foreman:* We find the plaintiff not guilty of negligence.
*"The Court:* You find what?
*"The Foreman:* No cause for action.
*"The Court:* There are only 1 or 2 verdicts that you may find: one for the plaintiff of a given amount and for the defendant of no cause of action.
"Now, what do you find?

*"The Foreman:* We find the plaintiff not guilty of negligence, and he is to be awarded $500 over and above his actual costs.

*"The Court:* You will have to find the amount.

*"The Foreman:* $1,133.33.

*"The Court:* Well, I think I had better poll the jury on that. Pass me the jury book."

The trial judge proceeded to poll the jury upon oath that "you do find for the plaintiff, Abraham Clark, and against the defendants, Henry Shefferly and Abe Nabato, in the amount of $1,133.33, so say you all, ladies and gentlemen of the jury." The poll disclosed unanimous support of the polled form of verdict.

We find, on examination of the record, that this question was not brought to attention either of the common pleas judge or the circuit judge. In law cases we review only that which the court below considered and decided or, failing that, was asked to consider and decide.

No error appears. Affirmed, with costs to plaintiff.

Smith, Edwards, and Carr, JJ., concurred with Black, J.

Dethmers, C. J., and Sharpe, Boyles, and Kelly, JJ., concurred in the result.