*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

KENNETH NATHAN, the Chapter 7 Trustee of the
Bankruptcy Estate of LORETTA CHARLES,

       Plaintiff-Appellee,

v

DAVID LEADER MANAGEMENT, INC, and
BRISTOL VILLAGE ASSOCIATES LP, doing
business as BRISTOL VILLAGE APARTMENTS,

       Defendants-Appellants.

FOR PUBLICATION
August 4, 2022

No. 357420
Macomb Circuit Court
LC No. 2020-003180-NO

Before: SHAPIRO, P.J., and RICK and GARRETT, JJ.

SHAPIRO, P.J. (*concurring*).

I concur fully in the majority decision. I write separately to: (1) note the failure of the open and obvious doctrine to provide clear and workable direction to premises possessors as to the scope of their duty, and (2) respectfully suggest that in snow and ice cases, the Supreme Court consider returning to the rule enunciated in *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244; 235 NW2d 732 (1975), that the duty of a premises possessor is to take reasonable measures within a reasonable time after a natural accumulation of snow or ice to diminish the hazard of injury.

Under *Estate of Livings v Sage's Investment Group, LLC*, 507 Mich 328; 968 NW2d 397 (2021), a premises possessor is not shielded by the open and obvious doctrine if the injured party is coming to or leaving work, and owes a duty to take reasonable measures within a reasonable time to reduce the risks posed by slippery surfaces. However, if the invitee is a customer or other person who does not work on the premises there is no such duty pursuant to *Hoffner v Lanctoe*, 492 Mich 450; 821 NW2d 88 (2012).

These decisions raise the following question: if the duty of a premises possessor turns on the intentions and circumstances of each individual invitee who comes onto their premises, how is a premises possessor to understand what their duty to any individual invitee is and whether the law requires them to do anything to address the conditions? A premises possessor does not know in

advance who will be coming onto their premises, and so their duty to act must arise before the person arrives. What then is the premises possessor to understand that duty to be at the time they could actually act to remedy the conditions? This after-the-fact determination as to which invitees the possessor of land need protect, and which they need not, is inconsistent with the need for duties under tort law to be understandable, predictable and consistent.

In addition to the lack of a clearly defined duty, the focus on the invitee's precise purpose for entering the premises and knowledge of the danger fails to recognize that such matters are accounted for by a determination of comparative negligence. If an invitee's comparative negligence retroactively and wholly eliminates the premises possessor's duty then it is simply a return to the long-abandoned doctrine of contributory negligence where the slightest degree of contributory negligence defeated a plaintiff's case. Indeed, the open and obvious doctrine does not even permit a jury to determine whether there was contributory negligence, as had always been the case, and instead places that decision in the hands of a single judge.[1] See *Livings*, 507 Mich at 413 (MCCORMACK, C.J., concurring) ("The practical result of the special aspects doctrine is that fewer cases find their way to Michigan juries.").

The open and obvious doctrine began as a common-sense rule that a premises possessor need not warn someone of a duty they can easily recognize and avoid by taking a different and safe path since the warning was inherent in the obvious condition. The doctrine was later transformed to include not merely the duty to warn, but also the duty to take reasonable measures to make the premises reasonably safe. The logic of this expansion continues to elude me. The doctrine was then expanded to include even conditions that could not be seen, and it reached its zenith by holding that a danger is not "effectively unavoidable" because the injured party could simply have never come to the premises, or should have never even left their own home.

I respectfully suggest that Michigan's snowy winters are not grounds to eliminate the duty to take reasonable measures in reasonable time to reduce the risk of injury. To the contrary, it is the reason that the duty was imposed to begin with. And while the recognition that entering and exiting one's place of employment falls outside the doctrine is significant, the people of Michigan cannot be expected to put aside every other task and duty before them each time it snows. The fact is that people cannot cease carrying on with their lives during the course of Michigan's winter. Nor can Michigan's economy sustain itself if everyone follows the advice given in open and obvious decisions of this Court, i.e., to stay home every time it snows and stay there until it melts. People must and do carry on with their lives in winter, and the law should recognize this reality rather than contorting itself to ensure that premises possessors are never held liable for failing to render their premises reasonably safe.

I understand that the Supreme Court is reconsidering the scope of the open and obvious rule generally in the pending cases of *Kandil-Elsayed v F&E Oil, Inc*, ___ Mich ___ (2022) (Docket No. 162907), and *Pinsky v Kroger Co of Mich*, ___ Mich ___ (2022) (Docket

---

[1] See e.g., *Davis v New York Cent R Co*, 348 Mich 262, 270; 83 NW2d 271 (1957) ("Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless, the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion.") (quotation marks and citation omitted).

No. 163430). I respectfully suggest that as to wintry conditions, the Court return to the long-standing rule that as to invitees a premises owner has a duty to maintain the premises in a reasonably safe condition and to take reasonable measures within a reasonable time to lessen the likelihood of injury.

/s/ Douglas B. Shapiro